MARINE TRANSPORT LINES, Inc., and Marine Navigation Company, Inc.,

v.

The UNITED STATES.

No. 242–55.

United States Court of Claims.
March 6, 1956.

J. Franklin Fort, Washington, D. C., for plaintiffs. Radner, Zito, Kominers & Fort and Israel Convisser, Washington, D. C., were on the brief.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case involves claims arising out of the lease of certain vessels by the defendant to plaintiffs under the Merchant Ship Sales Act of 1946, 60 Stat. 41; 50 U.S.C.A.Appendix, § 1735 et seq. The case is before the court on defendant's motion for summary judgment, based on lack of jurisdiction in this court.

Plaintiffs' petition asserts four causes of action. The first of these is identical with the cause of action asserted in the case of Smith-Johnson Steamship Corp. v. United States, Ct.Cl., 139 F.Supp. 298. For reasons therein stated it is our opinion that this court has jurisdiction over the subject matter of plaintiffs' first cause of action.

Plaintiffs' second count alleges that there were latent defects in many of the vessels delivered to them by the defendant and that these defects caused plaintiffs to be put to the expense of making repairs. It further asserts that the Maritime Commission ruled that these expenses were chargeable to the voyage accounts as routine operating expenses, whereas, under the Commission's own regulations the full amount of the expenses should have been refunded or credited to them, and not charged as a part of the voyage expenses in determining the profits from the voyage.

Plaintiffs' third count alleges that the Commission, contrary to its own regulations, did not allow plaintiffs full credit for consumable stores aboard the vessels at the time of redelivery, because it used a price list based on prices as of 1946 or earlier, whereas the regulations provided that the pricing should be computed as of the date of redelivery, at which time prices were higher than in 1946.

Plaintiffs' fourth and final count is a claim for expenses allegedly incurred in maintaining one of the vessels between the time plaintiffs sought to redeliver it and the time the Commission accepted redelivery, contrary to an earlier understanding between the parties that redelivery would be accepted when offered.

Plaintiffs contend that since their second and third causes of action are founded upon a regulation of an executive department, they are non-maritime in nature and thus within the jurisdiction of this court. The fourth cause of action is based solely upon the defendants alleged violation of an understanding between the parties that it would accept redelivery of a certain one of the vessels when offered.

Defendant says that all of plaintiffs' claims are maritime in nature and thus beyond the jurisdiction of this court. It says that at least a part of them are based upon the contract and are thus maritime in nature.

It is unnecessary to decide whether or not the last three causes of action are maritime in nature, because they are clearly subsidiary to the main cause of action, stated in the first count of the petition, over which we have held we have jurisdiction. The second, third and fourth counts are so interrelated with the principal cause of action that as a practical matter the court taking jurisdiction of the first cause of action must necessarily decide the other three. If it is held that plaintiffs are entitled to recover on the first count, the amount due them cannot be determined without considering the other counts.

To illustrate: Plaintiffs are due to pay defendant a certain percentage of their profits on the voyages above 10 per cent of their invested capital. We must therefore, determine what those profits were. In doing so, it would be necessary to decide whether or not the cost of making repairs should be a deduction from the gross profit. This is the basis of plaintiffs' second cause of action. So, with the consumable stores and standby expenses incurred before the defendant accepted redelivery.

All four causes of action arise out of the same transaction, and, hence, the court taking jurisdiction of the main cause of action should decide them all.

For the reasons stated, it is our conclusion that this court has jurisdiction over the subject matter of all the counts set out in plaintiffs' petition. Therefore, defendant's motion for summary judgment for lack of jurisdiction must be denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.