**Len J. DILLON et al., Plaintiffs,**

**v.**

**F. Steven BERG et al., Defendants.**

**Civ. A. No. 3967.**

United States District Court,
D. Delaware.

Aug. 29, 1972.

See also, 3 Cir., 453 F.2d 876.

David T. Dana, III, of Richards, Layton & Finger, Wilmington, Del., Francis

E. Koch and Andrew N. Grass, Jr., of Windels, Merritt & Ingraham, New York City, of counsel, for plaintiffs.

Bruce M. Stargatt and Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants.

## OPINION AND ORDER

LATCHUM, District Judge.

This civil action is before the Court on the defendants' motion to strike the plaintiffs' motion for an injunction for want of federal subject matter jurisdiction. In this suit originally brought pursuant to Section 14(a) of the Securities Exchange Act of 1934 [1] (the "Act"), this Court held that the action taken during the 1970 annual shareholders' meeting of Scotten, Dillon Company, including the election of several directors to a staggered board, was void on the ground that the results were obtained by the use of false and misleading proxy statements. Dillon v. Berg, 326 F.Supp. 1214 (D.Del.1971).

Pursuant to that finding, on June 10, 1971 the Court ordered the corporation as soon as practicable to resolicit proxies and reconvene the 1970 annual shareholders' meeting to elect directors in the places of those found to have been invalidly elected. The Court retained jurisdiction of the action and the parties for further proceedings not inconsistent with its opinion and order. Pursuant to that order new elections to the board of directors were held at the reconvened meeting on October 27, 1971. Subsequently, at a directors' meeting held on December 13, 1971, the board allegedly voted to remove the defendant Berg as Chief Executive Officer and Summers as Executive Vice President of the corporation and installed new officers.

The plaintiffs allege that, despite the board's action, Berg and Summers have continued operating as corporate officers and have refused to allow the newly elected officers access to the corporate books and records and in addition have resisted the efforts of the board and the executive committee to call a 1972 annual meeting.

The plaintiffs maintain that these actions by the defendants Berg and Summers contravene and frustrate the effect of this Court's June 10, 1971 order entered in Dillon v. Berg, *supra,* requiring new elections, and that this Court has continuing jurisdiction (a) to enjoin Berg and Summers from interfering with the orders of the board and the executive committee, and (b) to require them to deliver the corporate books and records to the newly installed officers.

The plaintiffs contend that this Court has ancillary jurisdiction and hence power to grant the relief sought, citing J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). In *Borak,* the Supreme Court stated: "It is for federal courts 'to adjust their remedies so as to grant the necessary relief' where federally secured rights are invaded. 'And . . . where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.'" *Id.* at 433, 84 S.Ct. at 1560.

■ That federal courts have broad powers to effectuate their judgments in enforcing federal rights in corporate matters has long been recognized. *See* Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940). This includes the exercise of

---

1. Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) provides:

"It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title."

equitable powers as well. Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 90 L.Ed. 1332 (1946).

██ However, this Court is of the opinion that the relief presently sought goes far beyond even the broad standards of *Borak*. In Dillon v. Berg, *supra,* this Court ordered a reconvened 1970 annual shareholders' meeting and the election of certain board members. The elections were held and the directors were installed. The Court's jurisdiction to hear complaints of deceptive proxy materials was grounded on Section 14(a) of the Act. Upon finding that the disseminated materials violated Section 14(a), the Court had broad remedial powers to purge the effects of that violation which it undertook to do by its June 10th order. Once the reconvened 1970 annual meeting and the elections were held, the Court's order was fully effectuated. When the Court retained jurisdiction in that case, it was only for the purpose of insuring that the meeting and actions were held according to the tenor of that order. The Court did not intend to keep a continuous hand in all subsequent internal operations of the corporation. To do so would be tantamount to appointing this Court as a super-member of the board of directors. While such action might be appropriate if the corporation were in receivership, such is not the case here.

██ A court will assert ancillary jurisdiction for two purposes: first, to ensure that its judgments are given full effect; and second, as a matter of judicial economy. In Wilgus v. Peterson, 335 F.Supp. 1385, 1389 (D.Del.1972), the Court set forth four criteria consistent with these purposes which must be met before ancillary jurisdiction will lie: (1) the ancillary matter must arise from the same transaction which was the basis of the main proceeding, or arise during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated. Applying the first, second and fourth criteria to the instant situation will demonstrate that ancillary jurisdiction is improper here.

First, if the plaintiffs were alleging that the defendants were preventing the directors elected pursuant to the Court's order from serving in that capacity, then this matter would arise from the same transaction as the main proceeding, namely, election of directors representing the informed and intelligent choice of a majority of the shareholders. Here, however, that is not alleged. The victors of the October 27, 1971 elections are now serving as directors. What is presently transpiring is a later developed, internal dispute unrelated to these elections.[2] This type of dispute can, and

---

2. Further illustrative of the lack of connection between the events of the original proceeding and those alleged by the plaintiffs' present application, is the fact that the relief sought here is not grounded upon any federal right. Section 14 (a) is primarily aimed at guaranteeing truthful proxy solicitations. "The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate activity by means of deceptive or inadequate disclosures in proxy solicitations." J. I. Case Co. v. Borak, 377 U.S. 426, 431, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423 (1964). Subsequent internal corporate squabbles are not embraced within the meaning of the statute. Nor do any other federal statutes provide a basis for relief. What the plaintiffs seek now is grounded upon state-created rights only. *See* Note 3, *infra.* Consequently if this application for relief had been brought independently, the Court would have lacked subject-matter jurisdiction.

Nor could the Court have granted the relief sought here as "pendent" to the federal rights asserted in the original proceeding. For pendent jurisdiction to lie, the federal and state claims must "derive from a common nucleus of operative fact." United Mines Workers of

frequently does, occur following selection of new officers. It is not a phenomenon endemic to court-ordered elections. Thus, there is no connection between the deceptive proxy materials that were at issue in the original proceeding, and the dispute between the incumbent and newly selected officers that is at issue here. That being so, any relief the Court granted would not be ancillary to, but rather independent of, the original proceeding.

Secondly, if the plaintiffs were now alleging that the newly elected directors were being prevented from assuming their positions *as directors* following the court-order reelections, this Court would have ancillary jurisdiction to determine whether its order was being contravened. The purpose of the June 10th order was to preserve the federally created right of the shareholders to have directors chosen who were the informed and intelligent choice of the majority of the corporation's shareholders. Thus, if the Court found that the intent of its order were being frustrated, it could protect the integrity of its judgment by granting appropriate relief. However, nothing of the sort has been alleged or shown in the present proceeding. The directors elected pursuant to the Court's order are in fact serving as directors.

The form and spirit of the Court's order was carried out completely when the directors were elected and installed. Subsequent developed events growing out of a different set of operative facts which do not affect the election of the directors as directors are beyond the disposition of the Court's previous judgment, and it will look no further.[3]

Finally, the relief presently sought involves the resolution of numerous factual matters not raised in the original action. The evidence presented in the earlier proceeding was relevant to the issue of the propriety of the proxy materials used in connection with the 1970 annual shareholders' meeting. That evidentiary record provides the Court with no insight into the actions taken at the directors' meeting of December, 1971 and the motivations or reasons behind the defendants' alleged refusal to recognize the board's selection of new officers. Thus, if the Court were to consider the merits of the plaintiffs' claim, a substantial new fact-finding proceeding would have to be convened which is totally inconsistent with the principles of ancillary jurisdiction.

The Court thereby concludes that it is without ancillary jurisdiction to entertain plaintiffs' present application for injunctive relief.

---

America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Even a cursory examination of the facts underlying the present complaints reveals that the federal and state claims do not evolve from the same operative facts. The federal claim in the original action was based upon the dissemination of deceptive proxy materials while the state claim now asserted emerges from totally different and later developed operative facts, viz. the alleged refusal of the incumbent officers to permit newly appointed officers to manage the corporation.

3. While the plaintiffs' allegations, if true, appear to merit relief, the appropriate forum is the Delaware Court of Chancery, which by statute is conferred with full powers to act in disputes of the kind raised here. 8 Del.C. § 225 provides:

> "Upon application of any stockholder, or any member of a corporation without capital stock, the Court of Chancery may hear and determine the validity of any election of any director, member of the governing body, or officer of any corporation, and the right of any person to hold such office, and, in case any such office is claimed by more than one person, may determine the person entitled thereto; and to that end make such order or decree in any such case as may be just and proper, with power to enforce the production of any books, papers and records of the corporation relating to the issue."

Indeed, such a suit has been pending in the Delaware Court of Chancery since approximately December 22, 1971.