**UNITED STATES of America, Plaintiff,**

**v.**

**BIEHL & COMPANY, a Texas Corporation, and Trinity Universal Insurance Company, a Texas Corporation, Defendants.**

**Court No. 81–12–01626.**

United States Court of International Trade.

May 10, 1982.

J. Paul McGrath, Asst. Atty. Gen., Washington, D. C. (Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Robert H. White, New York City, on brief), for plaintiff.

Royston, Rayzor, Vickery & Williams, Galveston, Tex. (Barbara A. Clark, Galveston, Tex., on brief), for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

NEWMAN, Judge.

### INTRODUCTION

This application poses an issue of novel impression concerning an aspect of the Court's expanded jurisdiction under the Customs Courts Act of 1980, viz: Does the Court of International Trade have jurisdiction over a lawsuit *commenced by the United States* for the recovery of tonnage duties and light money?

In this action on behalf of the United States Customs Service, the government seeks to recover $7,012.80 representing unpaid special tonnage duties [1] and light money [2] levied upon the entry of a vessel at the

Port of Galveston, Texas, and allegedly owed by defendants. The subject matter jurisdiction of this Court has been invoked by the Government pursuant to 28 U.S.C. § 1582(2), which provides:

> The Court of International Trade shall have exclusive jurisdiction of any civil action which *arises out of an import transaction* and which is commenced by the United States—
>
> \*   \*   \*   \*   \*   \*
>
> (2) to recover upon a bond *relating to the importation of merchandise* required by the laws of the United States or by the Secretary of the Treasury \* \* [Emphasis added.]

Defendants have jointly moved to dismiss this action for the recovery of tonnage duties and light money on the ground that the suit is not within the purview of section 1582(2) since it does not arise out of an importation and is unrelated to the importation of merchandise. Subject matter jurisdiction, defendants argue, properly lies in the appropriate district court under the provisions of 28 U.S.C. § 1340:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or *tonnage* except matters in the jurisdiction of the Court of International Trade. [Emphasis added.]

### BACKGROUND

Defendant Biehl & Co. ("Biehl") is a shipowners' agent for purposes of entering shipping into United States ports. On March 6, 1975 Biehl as principal, and defendant Trinity Universal Insurance Company ("Trinity") as surety, jointly and severally guaranteed by a customs bond the payment of all duties, exactions and penalties which might

---

1. Tonnage duties are imposed pursuant to 46 U.S.C. § 121, which so far as pertinent reads: "Upon vessels which shall be entered in the United States from any foreign port or place there shall be paid duties as follows: [rates of duty]".

2. "Light money" is imposed pursuant to 46 U.S.C. § 128, which so far as pertinent reads:

"A duty of 50 cents per ton, to be denominated "light money," shall be levied and collected on all vessels not of the United States which may enter the ports of the United States. Such light money shall be levied and collected in the same manner and under the same regulations as the tonnage duties: \* \* \* ".

be found to be due to the United States from various shipowners.

On or about December 6, 1975 Biehl, acting as the owner's agent, entered a ship of Bahamian registry, the SS/Pyramid Veteran, at the Port of Galveston, Texas for unlading and lading. Although Biehl had paid a tonnage tax of $525.96 upon the vessel's entry in 1975, plaintiff alleges that a subsequent Customs' internal audit in 1978 revealed that additional tonnage taxes and light money of $7,012.80 are due on the entry in accordance with 19 CFR 4.20. The government, under the terms of defendants' bond, has demanded, and defendants have refused, payment of the additional sum claimed to be due.

## OPINION

Plaintiff predicates jurisdiction upon section 1582(2) of the Customs Courts Act of 1980. That statute confers exclusive jurisdiction upon the United States Court of International Trade over a civil action commenced by the United States "which arises out of an import transaction" and which seeks to recover upon a bond "relating to the importation of merchandise". The threshold issue raised by defendants' motion is whether the instant action is one "which arises out of an import transaction" and seeks to recover upon a bond "relating to the importation of merchandise" within the purview of section 1582(2).

▮ Plaintiff recognizes that once jurisdiction is challenged, the burden rests on plaintiff to prove that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188–89, 56 S.Ct. 780, 784–785, 80 L.Ed. 1135 (1936); *S. S. Kresge Co. v. United States*, 68 Cust.Ct. 367, 368, C.R.D. 72–8 (1972); *Parksmith Corporation v. United States*, 73 Cust.Ct. 149, 150, C.D. 4565 (1974). However, plaintiff has failed to demonstrate that the instant action is properly before this Court despite the expanded jurisdiction conferred on it by the Customs Courts Act of 1980.

Tonnage duties and light money are levied directly upon vessels entering United States ports. *See* 46 U.S.C. §§ 121, 128. They are duties levied on the vessel itself, whether or not an import transaction is involved. It has long been recognized that tonnage duties on vessels are separate and distinct from ordinary duties imposed on imported merchandise. In *The Conqueror*, 49 F. 99, 104 (S.D.N.Y.1892), a land-mark decision, the Court held:

> * * * *The two classes of subject are wholly distinct.* The tonnage duty is the duty to be paid by ships; the tariff duty, by imported merchandise. [Emphasis added.] [3]

*See also* the holdings of our Appellate Court and the District Court, respectively: *Puget Sound Freight Lines, et al. v. United States*, 36 C.C.P.A. 70, C.A.D. 400 (1949); *Union Oil Co. of California v. Bryan*, 52 F.Supp. 256 (S.D.Cal.1943). But obviously, plaintiff misperceives the nature of duties on vessels and mistakenly assumes that such duties relate to the importation of merchandise so as to confer jurisdiction on this Court under section 1582(2). In view of the well-settled distinction between tonnage duties and duties on imported merchandise, this Court will not reach for jurisdiction upon some fanciful relationship between the entry of a vessel and the importation of merchandise.

In all fairness, however, it must be said that plaintiff's error in selecting this forum for the instant action is understandable. While historically the district courts exercised jurisdiction over tonnage cases (*see Puget Sound* and *Union Oil Co., supra*), by enacting Section 1581(i) of the Customs Courts Act of 1980, 28 U.S.C. § 1581(i), Congress expanded the jurisdiction of the Customs Court (renamed the Court of International Trade) to explicitly include *tonnage* cases, but only as to those actions commenced *against* and not commenced *by* the United States. Thus, section 1581(i) explicitly provides:

**3.** The Circuit Court of Appeals for the Second Circuit affirmed the decision of the district court without an opinion. The Supreme Court reversed on other grounds. 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937 (1897).

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action *commenced against the United States, its agencies, or its officers that arises out of any law of the United States providing for*—

(1) *revenue from imports or tonnage* ; [Emphasis added.]

This grant of exclusive jurisdiction to the Court of International Trade in tonnage cases brought *against* but not *by* the United States is obviously anomalous. Inexplicably, Congress has failed to grant the Court of International Trade exclusive jurisdiction over *all* tonnage cases; and without any reason discernable from the legislative history of the 1980 Act, Congress has, by utilizing the limiting language in section 1581(i) (viz., "commenced against the United States"), divided the jurisdiction over tonnage cases between this Court and the District Courts *depending upon the party who commenced the action.* This unexplained, illogical, confusing and possibly inadvertent division of jurisdiction over tonnage cases, is irreconcilable with Congress' enunciated intention concerning the jurisdiction of the Court of International Trade that:

The purpose of this broad jurisdictional grant is to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the district courts and the Court of International Trade. This provision makes it clear that all suits of the type specified are properly commenced only in the Court of International Trade. The committee has included this provision in the legislation to eliminate much of the difficulty experienced by international trade litigants who in the past commenced suits in the district

courts only to have these suits dismissed for want of subject matter jurisdiction. The grant of jurisdiction in subsection (i) will insure that these suits will be heard on their merits.

House Judiciary Committees Report (*H.Rep.No. 96–1235, at 47*)

See also: *Di Jub Leasing Corp., et al. v. United States,* 1 CIT—, Slip Op. 80–9, 505 F.Supp. 1113 (1980).

Notwithstanding this Court's broadened jurisdiction under the Customs Courts Act of 1980, the Court still, as in the case of other specialized courts, operates within precise and narrow jurisdictional limits. *Cf. United States v. Boe,* 64 C.C.P.A. 11, C.A.D. 1177, 543 F.2d 151 (1976); *Dexter v. United States,* 78 Cust.Ct. 179, C.R.D. 77–1, 424 F.Supp. 1069 (1977). Hence, this Court may not exercise subject matter jurisdiction that Congress surely must have intended to grant this Court, but in fact excluded by the express language of the statute. In light of the congressional policy expressed in the House Report, *supra,* section 1581(i) should be amended to effectuate the intended scheme.

In short, the present statute, section 1581(i), which specifically grants this Court jurisdiction over tonnage cases "commenced against the United States", nevertheless precludes the assumption of jurisdiction in the instant case commenced *by* the United States. Since the Court of International Trade was not granted exclusive jurisdiction over tonnage cases commenced by the United States, jurisdiction in those cases rests with the district courts under 28 U.S.C. § 1340. The foregoing conclusion, however, does not mean that this case should be dismissed, as urged by defendants. To the contrary, where a party errs in invoking the jurisdiction of this Court, the salutary 28 U.S.C. § 1584(b) provides for transfer of the action to the appropriate district court, in the interest of justice.[4]

---

**4.** "(b) If a civil action within the exclusive jurisdiction of a district court, a court of appeals, or the Court of Customs and Patent Appeals is commenced in the Court of International Trade, the Court of International Trade shall, in the interest of justice, transfer such civil action to the appropriate district court or court of appeals or to the Court of Customs and Patent Appeals *where such action shall proceed as if it*

Here, the government has incorrectly invoked the jurisdiction of this Court and the interest of justice plainly requires the transfer of this case to our sister court for resolution of the merits. The port of entry in this action was Galveston, Texas; indeed, Galveston is the very city where defendant Biehl is located. Consequently, the appropriate district court to hear this case is the United States District Court for the Southern District of Texas, Galveston Division, Galveston, Texas.

For the foregoing reasons, it is ordered that defendants' motion to dismiss is denied; and this action is *sua sponte* transferred to the United States District Court for the Southern District of Texas, Galveston Division, Galveston, Texas. The Clerk of the United States Court of International Trade is directed to effect the transfer to the District Court.

*had been commenced in such court in the first instance".* (Emphasis added.)