OPINION ON DEFENDANT’S MOTION TO DISMISS
PHILIP R. MILLER, Judge:
During March and April 1983, plaintiff was low bidder on four Navy solicitations for construction and repair contracts at Pearl Harbor, Hawaii. When after a protracted period the Navy failed to award such contracts to ATL, on July 6, 1983, plaintiff brought suit in this court. It asserted that in submitting its bids in response to the solicitations, plaintiff and the Navy contracting officials had entered into implied contracts that its bids would receive fair consideration, and that the Navy was threatening to breach such implied contracts. It asked that the Navy be enjoined from making such awards to others than plaintiff, under the authority of 28 U.S.C. § 1491(a)(3) (1982). Initially the Navy defended on the ground that it was still considering plaintiff’s technical qualifications to perform the work, but it ultimately relied upon the ground that after the suit was brought, on July 15, 1983, the Chief of Naval Material issued a notice suspending ATL from receiving any government contracts during the period of investigation of plaintiff for lack of integrity and honesty in prior dealings with the Navy.
Although the Chief of Naval Material affirmed the suspension order on December 1,1983, on January 6,1984, this court issued a decision that the suspension was not a proper ground for denying the awards to plaintiff because it had not been effectuated in a manner consistent with due process of law, in that prior to a post-suspension hearing required by the applicable regulations: (a) plaintiff had not been given sufficiently specific notice of the charges so that it would have a fair opportunity to meet them if it could; and (b) plaintiff was not given an opportunity to confront or cross-examine its accusers. The court ordered that within 30 days plaintiff be accorded a new hearing consistent with due process. Meanwhile, until decision was reached after such new hearing, it enjoined the award of such contracts to others, and, if such awards had already been made, it enjoined the Navy from permitting or directing performance of the contracts. However, on appeal by defendant the Court of Appeals for the Federal Circuit suspended the requirement of a new hearing pending its consideration of the appeal, which it heard on March 5, 1984.
While the foregoing proceedings were going on, plaintiff submitted low bids on two Army Corps of Engineers contracts, the first of which was opened December 22, 1983, and the second on January 12, 1984. Plaintiff alleges in the instant complaint, filed March 12, 1984, that by letter dated March 7,1984, the Corps of Engineers noti *674 fied it that it would not award such contracts to ATL as long as the suspension initiated by the Navy was in force and that the Corps intended to award such contracts to others by March 16 and March 21 (now extended for both to March 28), 1984.
Plaintiff contends in this suit that as the Navy’s suspension of ATL is invalid because it violates the suspension regulations and the constitutional rights of ATL, the Army’s refusal to accept plaintiff’s low bids breached the defendant’s implied contract to fairly consider them. Accordingly, in the instant complaint it seeks a preliminary injunction against the award of the Army Corps of Engineers contracts to any other bidders pending the Court of Appeals decision on the suspension, and a final injunction against such awards if it prevails on the appeal and the suspension is lifted after another suspension hearing.
It is determined herein that the complaint must be dismissed because this court lacks jurisdiction of the. claim.
The jurisdictional basis for this suit for an injunction is found in the following provisions of 28 U.S.C. § 1491, supra:
§ 1491. Claims against United States generally; * * *
(a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded * * * upon any express or implied contract with the United States.
£ Sji * $ Jj; *
(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief.
In United States v. John C. Grimberg Co., 702 F.2d 1362, 1367 (Fed.Cir.1983), the court of appeals made it clear that a claimant seeking injunctive relief under § 1491(a)(3) on any contract claim brought before the contract is awarded must initially assert a claim on a contract over which the court has jurisdiction under § 1491(a)(1) and that the only contract with the United States which a bidder may have prior to award is the implied contract to have his bid fairly and honestly considered. The court stated (702 F.2d at 1367):
Jurisdiction is granted in (a)(1) over a claim founded upon “any express or implied contract”. Neither Grimberg nor Schlosser has, of course, an express contract with the United States. Though the present complaints do not spell out the “contract claim” relied upon, and do not refer to subsection (a)(1), a fair construction indicates reliance on an implied contract to have the involved bids fairly and honestly considered. Moreover, only an implied contract claim is available to those who, like Grimberg and Schlosser, are bidders, not contractors. The “contract” in the phrase “brought before the contract is awarded” in (aX3) is an express contract awarded to another, if awarded at all. It is not the implied contract on which • a claim may be brought for equitable relief under (a)(3) and which is never “awarded”. Thus (a)(3) made an equitable remedy available when a claim over which the court has jurisdiction (implied contract under (a)(1)) is filed in the court before a contract has been awarded.
The court reiterated this view in CACI, Inc.-Federal v. United States, 719 F.2d 1567, 1572-73 (Fed.Cir.1983):
The jurisdiction of the Claims Court over suits challenging the award of contracts for alleged impropriety in the contracting process rests upon the Tucker Act grant of jurisdiction to that court over “any claim against the United States founded * * * upon any express or implied contract with the United States * * *.” 28 U.S.C. § 1491(a) (1982). The basis of such suits is a violation of “an implied contract to have the involved bids fairly and honestly considered.” United States v. John C. Grimberg Co., 702 F.2d 1362, 1367 (Fed.Cir.1983). The court there referred to the decision of our predecessor court, the Court of Claims, in *675 Keco Industries v. United States, 428 F.2d 1233 [192 Ct.Cl. 773] (Ct.Cl.1970), which had recognized the standing of an unsuccessful bidder to sue the United States for its bid preparation costs.
In Keco, the Court of Claims stated that “ * * * [E]very bidder has the right to have his bid honestly considered by the Government, and if this obligation is breached, then the injured party has the right to come into court and try and prove his cause of action.” Id. at 1237. “[B]y the solicitation for bids, the Government impliedly promised that it would give honest and fair consideration to all bids received and would not reject any one of them arbitrarily or capriciously, but would award the contract to that bidder whose bid in its honest judgment was most advantageous to the Government.”
The only implied contract of which this court has jurisdiction is a contract implied in fact. It has no jurisdiction over a contract implied in law. Merritt v. United States, 267 U.S. 338, 341, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925). Algonac Mfg. Co. v. United States, 192 Ct.Cl. 649, 674-75, 428 F.2d 1241, 1255-56 (1970).
The requirements for the finding of a contract implied in fact were aptly summarized as follows in Pacific Gas & Elec. Co. v. United States, 3 Cl.Ct. 329, 338-39 (1983):
A contract implied-in-fact requires a showing of the same mutual intent to contract as that required for an express contract. The fact that an instrument was not executed is not essential to consummation of the agreement. It is essential, however, that the acceptance of an offer be manifested by conduct that indicates assent to the proposed bargain. The requirements of mutuality of intent, and the lack of ambiguity in offer and acceptance, are the same for an implied-in-fact contract as for an express contract; only the nature of the evidence differs. The officer whose conduct is relied upon must have had actual authority to bind the Government in contract. [Citations omitted.]
And see also Balt. & Ohio R.R. v. United States, 261 U.S. 592, 597, 43 S.Ct. 425, 426, 67 L.Ed. 816 (1923); Porter v. United States, 204 Ct.Cl. 355, 365, 496 F.2d 583, 590 (1974), cert. denied, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975); Algonac Mfg. Co. v. United States, 192 Ct.Cl. 649, 673-74, 428 F.2d 1241, 1255 (1970); and Prevado Village Partnership v. United States, 3 Cl.Ct. 219, 223-24 (1983).
It is apparent that no implied contract for the fair consideration of plaintiff’s bids by the Army Corps of Engineers may be derived from their submissions on December 22, 1983 and January 12, 1984, in response to the Corps’ invitations for bids. Plaintiff had been suspended by the Navy on July 15, 1983, and such suspension had not been revoked nor set aside in December 1983 or January 1984. Both the plaintiff and the contracting officer were on notice of such suspension and of 10 U.S.C. § 2393 (1982), which provides:
§ 2393. Prohibition against doing business with certain offerors or contractors
(a)(1) Except as provided in paragraph (2), the Secretary of a military department may not solicit an offer from, award a contract to, extend an existing contract with, or, when approval by the Secretary of the award of a subcontract is required, approve the award of a subcontract to, an offeror or contractor which to the Secretary’s knowledge has been * * * suspended by another Federal agency unless—
******
(B) in the case of a suspension, the period of time specified by all other agencies for the suspension of the offeror or contractor has expired.
(2) Paragraph (1) does not apply in any case in which the Secretary concerned determines that there is a compelling reason to solicit an offer from, award a contract to, extend a contract with, or approve a subcontract with such offeror or contractor.
*676 Plaintiff does not allege that the Secretary of the Army has determined that there is a compelling reason to solicit an offer from or award a contract to ATL. Thus there could have been no mutual intent or agreement, express or implied, that plaintiffs bids would be considered for award.
Plaintiff also suggests that since determination of the validity of the Navy’s suspension of plaintiff as an eligible contractor is involved in both the prior suit and the instant one, for reasons of judicial economy, efficiency and convenience, this court should extend its original assumption of jurisdiction in the prior case to cover the instant claim under the theory of ancillary or pendent jurisdiction. But the major difficulty with that argument here is that this is a specialized court, the jurisdiction of which is defined by specific statutes and not by inference. United States v. King, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). If Congress has not authorized this court to enjoin a contract award except as a means to afford complete relief on a claim founded on an implied contract over which the court already has jurisdiction, it is fair to infer that Congress did not intend for us to have that authority. See Lockridge v. United States, 218 Ct.Cl. 687 (1978); and see also Aldinger v. Howard, 427 U.S. 1, 17-18, 96 S.Ct. 2413, 2421-2422, 49 L.Ed.2d 276 (1976), and Eastport Steamship Corp. v. United States, 178 Ct.Cl. 599, 613-14, 372 F.2d 1002, 1012-13 (1967).
The fact that this court has found plaintiff’s post-suspension Navy hearing constitutionally inadequate may provide a basis for a court having general jurisdiction to enjoin the award of the Corps of Engineers contracts to others pending the appeal from this court’s decision, but it provides no basis for expanding this court’s jurisdiction to enjoin awards to others where there is presently no implied contract on which plaintiff may sue to have its bids considered fairly.
Accordingly, defendant’s motion to dismiss the complaint is allowed. Plaintiff’s motions for preliminary injunctions and to consolidate are denied. Plaintiff’s complaint is to be dismissed, with costs to be allowed to the prevailing party.