718 FIFTH AVENUE CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–11–01664

Before RESTANI, *Judge.*

(Dated April 13, 1984)

*Rode & Qualey (Patrick D. Gill, Esq.)* for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, and *Michael P. Maxwell, Esqs.,* for defendant.

### *Opinion and Order*

RESTANI, *Judge:* This case is before the court on defendant's motion to dismiss plaintiff's claim for want of subject matter jurisdiction.

In this action plaintiff seeks drawback of duties assessed on a ruby. Plaintiff imported the ruby on May 11, 1982, and entered it under a duty free classification as American goods returned. Plaintiff then exported the ruby on June 2, 1982. The Customs Service, however, rejected the initial entry on June 9, 1982 and determined that the ruby was dutiable at a rate of 9.9% ad valorem. On March 25, 1983, the Customs Service liquidated the entry and assessed $227,947.50 in increased duty.[1]

---

[1] The Customs Service's assessment was based on the fact that the ruby was reimported along with a gold ring that had been fashioned as a mounting for the ruby. The Customs Service determined that the ruby and its mounting should be considered as an entirety for classification purposes and that the entirety was dutiable at a rate of 9.9% ad valorem. Plaintiff has challenged this determination in a separate action. Court No. 84-2-00255.

On July 22, 1982, after exporting the ruby, and after learning of the Customs Service's determination that the ruby was dutiable, plaintiff filed a drawback entry seeking remission of 99% of the import duties. Plaintiff's drawback claim was based on its contention that the ruby was entitled to same condition drawback pursuant to 19 U.S.C. § 1313(j) (1982). On May 20, 1983, the Customs Service denied the drawback claim. Plaintiff did not protest the denial of this drawback claim.

On September 17, 1982, plaintiff requested a ruling as to whether it would be entitled to drawback of the duty on the ruby under a variety of circumstances. In the part of its request relevant to this action, plaintiff asked the Customs Service to determine if plaintiff would be entitled to drawback if it re-imported the ruby then re-exported the ruby within three years of the original importation.

The Customs Service ruled that a drawback entry could not be perfected on a second exportation of an article. The Customs Service asserted that same condition drawback could only apply when the initial exportation following the importation perfected the drawback claim.

The Customs Service issued its ruling on February 25, 1983. Plaintiff filed suit on November 22, 1983 seeking a declaratory judgment that the Customs Service's ruling was erroneous.

This court has jurisdiction to issue declaratory judgments pursuant to 28 U.S.C. § 1581(h) (1982).[2] The issue before the court is whether plaintiff has satisfied the jurisdictional requirements for an action under § 1581(h).

When jurisdiction is challenged, plaintiff has the burden of demonstrating that jurisdiction exists. *United States* v. *Biehl & Co.,* 3 CIT 158, 539 F.Supp. 1218 (1982). The Court of Appeals for the Federal Circuit has defined the requirements for invoking this court's declaratory judgment jurisdiction,

> (1) Judicial review must be sought prior to importation of goods;
> (2) Review must be sought of a ruling, a refusal to issue a ruling, or a refusal to change such ruling;
> (3) The ruling must relate to certain subject matter; and
> (4) Irreparable harm must be shown unless judicial review is obtained prior to importation.[3]

*American Air Parcel Forwarding Co.* v. *United States,* 718 F.2d 1546, 1551–1552 (Fed. Cir. 1983).

---

[2] 28 U.S.C. § 1581(h) reads in relevant part:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury * * * relating to * * * drawbacks * * *, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

[3] The standard for proving irreparable harm here is essentially identical to that used to determine irreparable injury in cases where injunctive relief is sought. *See Manufacture de Machines du Haut-Rhin* v. *Von Rabb,* 6 CIT 60, 569 F.Supp. 877 (1983).

In this case, it is undisputed that plaintiff satisfies the first three requirements. Plaintiff is seeking judicial review prior to importing the ruby for purposes of the drawback claim. Plaintiff seeks review of a ruling governing the specific import transaction contemplated by plaintiff. *See Pagoda Trading Co.* v. *United States,* 6 CIT 296 (1983). And the ruling at issue relates to a drawback claim. Drawback rulings are expressly within the scope of §1581(h).

The central issue here is whether plaintiff has demonstrated that it will be irreparably harmed if denied judicial review prior to importing the ruby.[4] Plaintiff asserts three grounds in support of its claim of irreparable harm.

Plaintiff principally contends that without judicial review prior to importation it will not obtain adequate administrative and judicial review of its drawback claim, and this would irreparably harm it. Plaintiff asserts that, because of the adverse ruling it has received from the Customs Service, the Customs Service will not permit plaintiff to demonstrate its entitlement to its drawback claim. Plaintiff asserts that the Customs Service will not inspect the ruby and allow plaintiff to prove that it qualifies for the same condition drawback, since the Customs Service will be bound by its ruling foreclosing drawback under these circumstances. Because it will not receive adequate administrative review, plaintiff contends that it would be prejudiced in seeking judicial review of the denial of drawback.

This argument is not persuasive. At the outset, plaintiff's contention that the Customs Service will not give adequate administrative review to the drawback claim is highly speculative. And even if Customs does deny drawback without inspecting the ruby and permitting plaintiff to develop an administrative record to support its claim, plaintiff will not be denied appropriate review. Plaintiff will be able to challenge any denial of its drawback claim through filing a protest and seeking judicial review if the protest is denied. 19 U.S.C. §§1514, 1515; 28 U.S.C. §1581(a). If this court determines that the Customs Service has not developed an adequate administrative record, either this court will make the necessary finding of facts, or it will remand the case to the Customs Service for further proceedings. *House of Adler, Inc.* v. *United States,* 2 CIT 274 (1981).

Moreover, accepting this contention would effectively eliminate the requirement of irreparable harm. If the adverse effect of receiving an unfavorable ruling was sufficient alone to establish irreparable harm, then any importer aggrieved by a ruling could invoke this court's declaratory judgment jurisdiction. The importer would only have to allege that the Customs Service had ruled against it

---

[4] Plaintiff contends that defendant's motion is more properly a motion to dismiss for failure to state a claim upon which relief can be granted, and as such all of plaintiff's allegations should be treated as true. This contention is meritless. Plaintiff admits that irreparable harm is a statutory prerequisite to §1581(h) jurisdiction. §1581(h) expressly places the burden on plaintiff to demonstrate that it would be irreparably harmed if denied judicial review. Defendant's motion puts at issue whether plaintiff has met this burden, not whether plaintiff has adequately alleged irreparable harm.

and the unfavorable ruling would make it unlikely that the importer could obtain the desired result when the import transaction was attempted. Thus, in similar circumstances, the Court of Customs and Patent Appeals recognized that a importer is not irreparably harmed by a binding agency ruling contrary to the importer's position. *United States* v. *Uniroyal, Inc.,* 69 CCPA 179, 687 F.2d 467 (1982).

Plaintiff also contends that it will be irreparably harmed if denied preimportation review because the three year time limit for perfecting its drawback claim may expire. This contention is meritless. To perfect its drawback claim, plaintiff need only file its drawback entry and re-export the ruby within the three year period. 19 U.S.C. § 1313(j)(1)(A)(i); 19 C.F.R. § 191.8 (1983). At that point the statutory time limit will be satisfied. Any delays in the administrative or judicial review of the merits of the drawback claim would be irrelevant once the ruby is re-exported. Plaintiff's contention that it will be much more difficult to prove that it is entitled to same condition drawback after exportation is unpersuasive. The ruby will still be in plaintiff's possession. Exportation will not make it any less accessible.

Finally, plaintiff contents that the delay resulting from denying preimportation review irreparably harms its business operation since it allegedly cannot sell the ruby and is faced with mounting inventory costs. Business disruption resulting from administrative delay could be sufficient to demonstrate irreparable harm. *See American Air Parcel Forwarding Co.* v. *United States,* 1 CIT 293, 515 F.Supp. 47 (1981). However, the court is not persuaded that plaintiff has adequately demonstrated irreparable harm here.

Plaintiff has not documented any of its allegations of business disruption. Plaintiff alleges that it cannot sell the ruby until the drawback claim is settled. But plaintiff has not demonstrated that it has any intention to sell the ruby or that any particular sale has been lost. Plaintiff also has not documented the inventory costs of retaining the ruby. Such documentation is essential to establishing irreparable harm. *Di Jub Leasing Corp.* v. *United States,* 1 CIT 42, 52–53, 505 F. Supp. 1113 (1980).

Moreover, plaintiff's delay in bringing this action is evidence that would not be irreparably harmed if it is denied preimportation review. The ruling plaintiff challenges was issued February 25, 1983. Plaintiff did not file suit until November 22, 1983. If plaintiff is seriously concerned about lost sales or inventory costs, it did not demonstrate that concern during that period. Admittedly, circumstances could have changed and plaintiff could now be facing irrearable harm. But plaintiff has provided no serious evidence of the harm it faces.

Therefore, the court finds that plaintiff has failed to demonstrate that it would be irreparably harmed if denied review of the contested Customs Service ruling prior to importation of the ruby.

It is ORDERED:
That plaintiff's cause of action is dismissed.