The **UNITED STATES**, Plaintiff,

v.

**GOLD MOUNTAIN COFFEE, LTD.**, et al., Defendants.

**Court No. 84–4–00858.**

United States Court of International Trade.

Oct. 16, 1984.

Rehearing Denied Dec. 17, 1984.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Kevin C. Kennedy, Civ. Div., Dept. of Justice, Washington, D.C., for plaintiff.

Barnes, Richardson & Colburn, New York City (Andrew P. Vance, Michael A. Johnson, John J. Galvin and Carl J. Laurino, Jr., New York City), for defendants.

## OPINION AND ORDER

RESTANI, Judge.

Plaintiff filed a cause of action under 18 U.S.C. § 545 (1982) and § 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1982), alleging that defendants improperly labeled coffee imported from Indonesia as coming from China. Plaintiff seeks both a penalty equal to the value of the improperly labeled coffee (alleged to be $4,961,673) and a forfeiture of the goods.

This case is before the court on defendants' motion to quash plaintiff's amended warrant for arrest of property. Previous to issuance of the arrest warrant, the Customs Service and defendants entered into a

constructive seizure agreement governing control of the coffee beans.

■ Plaintiff obtained the warrant for arrest of the coffee beans pursuant to 28 U.S.C. § 2461(b) (1982), which authorizes use of admiralty procedures for seizure of goods in nonadmiralty forfeiture actions when appropriate procedures are not otherwise provided for by an Act of Congress.[1]

■ In admiralty, issuance of an arrest warrant by the clerk of the district court is the correct method of seizing goods so that an *in rem* forfeiture action may proceed. Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims. In order to decide whether § 2461(b) and, consequently, Rule C(3) apply to this action, their application must be analyzed both in the context of § 545 actions and in the context of § 592 actions.

■ Section 545 generally provides for forfeiture of goods smuggled into the United States in violation of that section.[2] Forfeiture of goods is not an automatic part of a § 545 criminal conviction. *United States v. Brigance,* 472 F.Supp. 1177, 1181 (S.D. Tex.1979). Rather, obtaining a § 545 forfeiture requires separate civil *in rem* proceedings. *Id.*

Plaintiff asserts that this court has ancillary jurisdiction over a § 545 forfeiture action when it is brought in conjunction with a § 592 penalty proceeding.

■ The United States Court of International Trade, like all federal courts established under Article III of the Constitution, is a court of limited jurisdiction. *United States v. Biehl & Co.,* 3 CIT 158, 162, 539 F.Supp. 1218, 1221 (1981). Once jurisdiction is challenged, plaintiff has the burden of proving that jurisdiction in this court is proper. *Id.* at 160, 539 F.Supp. at 1220.

■ Jurisdiction over forfeiture actions lies generally with the district courts. 28 U.S.C. § 1355 (1982).[3] However, the district court's jurisdiction in these actions does not include matters within the jurisdiction of this court under 28 U.S.C. § 1582 (1982). *Id.* Section 1582 grants exclusive jurisdiction to this Court of "any civil action which arises out of an import transaction and which is commenced by the United States—to recover a civil penalty under section 592 ... of the Tariff Act of 1930 ...." Plaintiff argues that since the § 545 action in this case arises out of the same transaction alleged in the § 592 action, "common sense" dictates that this court apply the doctrine of ancillary jurisdiction to hear the § 545 claim.

**1.** 28 U.S.C. § 2461(b) provides in relevant part: Unless otherwise provided by Act of Congress, whenever a forfeiture of property is prescribed as a penalty for violation of an Act of Congress ... forfeiture may be enforced by a proceeding by libel which shall conform as near as may be to proceedings in admiralty.

**2.** 18 U.S.C. § 545 provides in relevant part:
Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or
Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

Shall be fined not more than $10,000 or imprisoned not more than five years, or both.
Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section.
Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States.

**3.** 28 U.S.C. § 1355 provides:
The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

■ As plaintiff correctly points out, ancillary jurisdiction should attach when four conditions are satisfied: (1) the ancillary matter arises from the same transaction that is the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact finding proceeding; (3) determination of the ancillary matter will not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be resolved to protect the integrity of the main proceeding or to insure that disposition of the main proceeding will not be frustrated. *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C.Cir.1969); *Dillon v. Berg*, 347 F.Supp. 517, 519 (D.Del. 1972).

■ Although it may be appropriate in some instances for this court to exercise ancillary jurisdiction, the court will not exercise those powers here. First, the concept of federal ancillary jurisdiction, which developed where state court causes of action were involved, should be applied carefully when a conflict involving purely federal jurisdiction is concerned. *See, e.g., Atl, Inc. v. United States*, 4 Cl.Ct. 672, 676

(1984), *aff'd,* 735 F.2d 1343 (Fed.Cir.1984), *citing United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Freese v. United States*, 221 Ct.Cl. 963, 964–65 (1979) (both cases finding no ancillary jurisdiction).[4] The court must not upset the jurisdictional scheme among the federal courts, over which Congress has full control. This is especially true in this case, where Congress has had a recent opportunity to review the jurisdiction of this court and did not give it jurisdiction over § 545 *in rem* forfeiture actions. 28 U.S.C. § 1582; *see also* S.Rep. No. 778, 95th Cong., 2nd Sess. 19, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2211, 2230 (discussing § 592).

Second, although the actions are closely related, this court can fully and effectively dispose of the § 592 penalty action without considering all of the issues involved in a parallel § 545 proceeding.[5] Resolution of the § 545 claim need not be resolved to protect the integrity of the § 592 proceeding or "to insure that disposition of the [§ 592] proceeding will not be frustrated."[6] In the absence of such necessity, convenience to a party, efficient use of judicial resources, or even one party's judgment as to what constitutes "common sense"[7] is

---

**4.** In *Marine Transport Lines, Inc. v. United States*, 139 F.Supp. 301, 135 Ct.Cl. 874, *decision set aside on other grounds*, 146 F.Supp. 222 (Ct.Cl.), *cert. denied*, 352 U.S. 935, 77 S.Ct. 226, 1 L.Ed.2d 163 (1956), the Court of Claims did assert ancillary jurisdiction over certain admiralty claims, because in that case the court perceived a necessity to resolve those claims in order to exercise its own jurisdiction properly. The Court of Claims later found no jurisdiction over any of the causes of action asserted and dismissed the case.

**5.** There is an open question of whether a conviction of some person, not necessarily the owner of the goods, must occur before a forfeiture under § 545 is proper. *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 234 n. 3, 93 S.Ct. 489, 491 n. 3, 34 L.Ed.2d 438 (1972). Even if conviction is not necessary, and even if a decision here has some collateral estoppel effect on a parallel § 545 case, the final requirement for ancillary jurisdiction is missing in this case. The court notes that it seems likely that conviction would not be required in a case of dangerous (or illegal per se) merchandise. That situation is not before us, and the court does not

decide whether ancillary jurisdiction of a § 545 cause of action would be appropriate in such a case.

**6.** See discussion of potential remedies under § 592 in the following section of this opinion.

**7.** Plaintiff quotes Wright and Miller's discussion of federal ancillary jurisdiction over certain state court actions in support of its contention that common sense dictates the exercise of ancillary jurisdiction in this case:

Ancillary jurisdiction exists because without it the federal court neither could dispose of the principal case effectively nor do complete justice in the dispute that is before the tribunal. *Viewed from this perspective* then, the concept is a common-sense solution to the problems of piecemeal litigation that otherwise would arise by virtue of the limited jurisdiction of the federal courts prescribed in Article III and the complexity of many modern lawsuits.

13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3523 (1975) (footnotes omitted) (emphasis added).

not sufficient ground to exercise this court's potential ancillary jurisdiction. Hence, none of these factors suffices to meet plaintiff's burden in establishing jurisdiction in this court of the § 545 claim asserted here.

While plaintiff may be free to pursue a § 545 action in district court and to obtain an arrest warrant pursuant to § 2461(b) in that court, this court has no jurisdiction over the § 545 claim asserted here (*see* 28 U.S.C. § 1582); therefore, an arrest warrant may not be issued pursuant to that section in this court. Consequently, all references to 18 U.S.C. § 545 are stricken from the complaint and the propriety of the government's arrest of the coffee beans must be evaluated under its second cause of action, that set forth in 19 U.S.C. § 1592.

Plaintiff argues that because § 1592(c)(5) does not require the return of restricted goods that are seized, forfeiture of such goods is authorized under § 1592, apart from any monetary penalty.[8] Plaintiff would expand the language of § 1592 governing interim remedies into a permanent forfeiture in every § 1592 case involving restricted merchandise, whether fraud is involved or not. Congress' intent to remove the general *in rem* forfeiture provisions of the former § 592 is made clear in S.Rep. No. 778, 1978 U.S.Code Cong. & Ad.News at 2230, which states:

> The penalty for violation of section 592 would be changed from an in rem penalty, forfeiture of merchandise, to an in personam penalty, a monetary liability of the importer.... The seized merchan-

dise would, in general, be forfeited to the United States only if the monetary penalty is not paid.

 It seems that there is some room for forfeiture under § 1592, but not as an ordinary remedy in addition to penalties. "[U]pon assessment of a monetary penalty, [seized property may be] forfeited unless the monetary penalty is paid within the time specified by law." 19 U.S.C. § 1592(c)(5). Forfeiture also might be necessary to prevent dangerous or totally prohibited merchandise (not involved here) from entering into the commerce of the United States. But, contrary to plaintiff's assertion, forfeiture is not the only means of preventing restricted merchandise from entering the United States in violation of the customs laws. The restricted goods might be excluded and the owner ordered to remove them from the territory of the United States. Alternatively, the merchandise might be sold for foreign consumption and the net proceeds applied against penalties.[9] Neither of these remedies is best effected through an *in rem* proceeding.[10] Furthermore, it is inappropriate to imply a requirement of *in rem* forfeiture where Congress, to the contrary, has indicated its intent that *in rem* forfeiture be replaced under § 1592. In addition, *in rem* arrest procedures are not necessary as a protective measure here because there is no threat of restricted or prohibited merchandise entering domestic commerce pending this determination. (Note the constructive seizure agreement). In summary, it is

Wright and Miller state that ancillary jurisdiction *is appropriate (and satisfies common sense)* when it is necessary, not that it is appropriate whenever it satisfies common sense.

**8.** Section 1592(c)(5) provides in part:
 After seizure of merchandise under this subsection, the Secretary may, in the case of restricted merchandise, and shall, in the case of other merchandise (other than prohibited merchandise), return such merchandise upon *the deposit of security not to exceed the maximum monetary penalty which may be assessed under subsection (c) of this section.*

**9.** Congress did not specifically provide for such remedies in § 1592, but considering the customs

laws as a whole, it must have intended that such remedies would be available. The court may fill such interstices in the law in accordance with Congressional intent. *Asahi Chemical Industry, Ltd. v. United States,* 4 CIT 120, 124, 548 F.Supp. 1261, 1265 (1982).

 The court need not decide at this juncture whether one of these remedies, or another equitable remedy, would be appropriate to effectuate the provisions of § 1592 and other customs laws.

**10.** Contrast the necessity for *in rem* proceedings in admiralty foreclosure cases to which Rule C (discussed *supra*) specifically applies.

clear in this case that an *in rem* proceeding is not appropriate because *in personam* jurisdiction to effect appropriate relief exists.

Quite apart from the question of the propriety of *in rem* forfeiture proceedings under § 1592, it is clear that no compliance with § 1592(c)(5) has been shown. Section 1592(c)(5) sets forth specific conditions under which the Secretary of the Treasury ("Secretary") may seize merchandise as security for payment of a monetary penalty for fraud or negligence. Such seizure is proper only when the Secretary has reasonable cause to believe that a person has violated § 1592(a) and that (1) the person is insolvent, (2) the person is beyond the jurisdiction of the United States, (3) seizure is otherwise essential to protect the revenue of the United States, or (4) seizure will prevent the introduction into domestic commerce of prohibited or restricted merchandise.

It is clear that a general provision such as § 2461(b) cannot be used to defeat the purpose of the detailed requirements of § 1592. *See Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980). There has been no showing that the conditions of § 1592(c)(5) were satisfied during the process of obtaining the arrest warrant. In fact, plaintiff did not attempt to make such a showing.

Obviously in enacting § 1592(c)(5) Congress was attempting to protect potential property rights of parties such as defendants here, and Congress may have perceived a possible Constitutional reason for requiring findings such as those set forth in § 1592 prior to seizure. *See generally Sniadach v. Family Finance Corp.,* 395 U.S. 337, 339, 89 S.Ct. 1820, 1821, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin,* 407 U.S. 67, 90–92, 92 S.Ct. 1983, 1999–2000, 32 L.Ed.2d 556 (1972). In any case, the statutory requirements of § 1592 cannot be circumvented by resorting to § 2461(b).

Furthermore, the clerk did not purport to, nor is he empowered to make the judgments required under § 1592(c)(5).[11] Consequently, because of the special features of § 1592, goods to be forfeited *in rem* cannot become subject to the process of the court by action of the clerk alone, but only by action of the court in an appropriate case. Accordingly, defendants' motion to quash plaintiff's amended warrant for arrest of the coffee beans is granted.

11. If the Secretary's self-help measures as set forth in § 1592(c)(5) are thwarted, there is no bar to the use of Rules 64 and 65 of this court to enforce pre-judgment remedies. The only requirement is that all procedures must be consistent with § 1592.