**UNITED STATES of America, Plaintiff,**

v.

**SHABAHANG PERSIAN CARPETS, LTD., Defendant.**

**Slip Op. 98–149.**
**Court No. 96–05–01472.**

United States Court of International Trade.

Oct. 28, 1998.

Frank W. Hunger, Assistant Attorney General, Washington, DC; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC (Harold D. Lester, Jr., Washington, DC); United States Customs Service (Susan Flood, Chicago, IL), of Counsel, for Plaintiff.

Steiner & Schoenfeld (Gaar W. Steiner, Milwaukee, IL, Douglass H. Bartley, and J.P. Fernandes) for defendant.

### OPINION

GOLDBERG, Judge.

This matter is before the Court on defendant Shabahang Persian Carpets, Ltd.'s ("Shabahang") motion to join the U.S. Internal Revenue Service ("IRS") as an additional party to this action pursuant to USCIT R. 19. Plaintiff, the United States on behalf of the U.S. Customs Service ("Customs" or "the government"), initiated this case to recover penalties from defendant for allegedly undervaluing merchandise entered between 1984 and 1987. Prior to the start of this case, the IRS also challenged particular aspects of defendant's tax returns. Of particular relevance here, the IRS asserted that defendant overvalued the merchandise at issue on certain tax returns so as to decrease its tax liability. Defendant maintains that because it is faced with allegedly inconsistent obligations to two separate agencies within the U.S. Department of the Treasury and those obligations arise from the same set of transactions, it should be allowed to join the IRS as an additional party. The Court denies defendant's motion.

### I.

### BACKGROUND

Between March 6, 1984 and November 4, 1987, defendant Shabahang entered certain carpets from Iran under twenty-two consumption entries at the port of Milwaukee, Wisconsin. *See* Compl. ¶ 4. In documents provided with these entries (i.e., the Customs Form 7501), Shabahang represented to Customs that the merchandise had a total declared value of $1,862,612. Customs alleges that Shabahang intentionally understated the value of the carpets in the 22 entries to avoid import duties. More precisely, Customs claims that Shabahang submitted false invoices in support of its entry declarations. *See* Pl.'s Resp. In Opp. To Def.'s Mot. to Join An Add'l. Party ("Pl.'s Resp."), at 4. Customs

appears to suggest that the true value of the 22 entries at issue is reflected not in the Customs 7501 forms, but rather in Shabahang's inventory records, records which allegedly document substantially higher prices for the rugs than those declared on the 7501 forms.

For the same rugs, Shabahang apparently chose to report different values for income tax purposes than those used for customs purposes. On its income tax returns for the years 1987 to 1990, Shabahang reported that the value of the carpets comprising the 22 entries was substantially higher at the time of entry than what it reported on the 7501 forms. More specifically, Shabahang informed the IRS that the value of the rugs at issue was based on the amounts appearing in its inventory records.

After an audit, however, the IRS determined in August 1992 that for the years 1987 and 1988, Shabahang owed additional taxes (and penalties), amounting to $399,374 and $371,684, respectively. *See* Def.'s Br. In Supp. of Mot. to Join An Add'l. Party ("Def.'s Br."), at 3. The IRS principally found that Shabahang should incur additional tax liability because it improperly increased its cost of goods sold ("COGS"), and thereby decreased its tax liability, when it based COGS for the rugs at issue on its inventory records rather than the Customs 7501 forms.[1] The IRS and Shabahang later reached a settlement to dispose of this tax liability in April 1995. *See* Pl.'s Resp., at App. 1–3.

Similarly, after an audit for the tax years 1989 and 1990, the IRS determined that Shabahang incorrectly reported its tax liability. According to the IRS, for these years Shabahang erred in reporting the income from the rugs at issue because it again based COGS on its inventory records rather than the Customs 7501 forms. As a result, the IRS assessed penalties and additional taxes in the amount of $258,504 and $214,103 for 1989 and 1990, respectively. *See* Def.'s Br., at Ex. 4. The IRS and Shabahang, however, have not finalized settlement to dispose of the 1989 and 1990 tax liability.

Based on these events, Shabahang now claims that the IRS must be added as an indispensable party to this action. Shabahang insists that "unless [the] IRS is made a party to this action, Shabahang will be faced with double liability and inconsistent obligations over the same transactions." Def.'s Br., at 2–3. That is, Shabahang maintains that the challenges to Shabahang's reporting practices with respect to the 22 entries should be joined so as to force the government "to proceed on a consistent, unified theory of liability." Def.'s Br., at 5.

## II.

### *DISCUSSION*

USCIT R. 19 provides in relevant part as follows:

**Rule 19. Joinder of Persons Needed for Just Adjudication**

**(a) Persons to be Joined if Feasible.**

A person shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the persons claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest, or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

---

1. When it assessed Shabahang's tax deficiencies, the IRS, *inter alia*, found that Shabahang's reliance on a figure above that declared to Customs directly contravened 26 U.S.C. § 1059A (1994). Def.'s Br., at Ex. A–B. This section of the tax code requires that the amount of any costs "taken into account in computing the basis or inventory cost" for tax purposes "shall not ... be greater than the amount of such costs taken into account in computing [the] customs value" declared to Customs upon entry. 26 U.S.C. § 1059A. Here, because the inventory records relied upon by Shabahang for income tax purposes stated costs at substantially higher amounts than the cost of the goods as reported on Customs Form 7501, the IRS determined that additional taxes and penalties were owed. Def.'s Br., at Ex. A, 10–11.

USCIT R. 19(a). Defendant claims that here the conditions for joinder of the IRS under Rule 19 are satisfied in two respects: first, Shabahang cannot be accorded "complete relief" without the presence of the IRS in this suit; and second, Shabahang risks double liability if the IRS is not joined as a party.

■ The concept of joinder under Rule 19, however, does not exist in a vacuum. Importantly, the jurisdiction of the court may not be expanded simply through its rules. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 n. 13, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Old Republic Ins. Co. v. United States*, 14 CIT 377, 380, 741 F.Supp. 1570, 1574 (1990) (rejecting a Rule 19 joinder order as a basis for jurisdiction because "[a] court cannot confer jurisdiction upon itself where jurisdiction does not otherwise exist"); Wright, Miller and Kane, Federal Practice & Procedure, § 1602, at 21 (2d ed., 1986) (noting that the court cannot use Rule 19 in a way that would extend the subject matter jurisdiction of the federal courts). "[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."[2] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Rather, an independent basis of jurisdiction must be established. And, the party asserting jurisdiction "has the burden of proving that jurisdiction in this court is proper." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 247, 248–49, 597 F.Supp. 510, 513 (1984). Therefore, before the Court can consider whether Shabahang is correct in asserting that the conditions of Rule 19 are satisfied, it must inquire whether it can assert jurisdiction over the IRS were such joinder to ensue.

In this instance, Shabahang proposes that two statutes, one from the tax code and one from the Administrative Procedures Act ("APA"), enable the Court to exercise jurisdiction over the IRS claims.[3] The Court finds Shabahang's jurisdictional arguments unpersuasive and, therefore, denies Shabahang's motion for joinder. The Court reviews below why it is inappropriate to exercise jurisdiction over any of Shabahang's claims involving the IRS.

### i. *Mootness*

■ As an initial matter, the Court notes that certain claims involving the IRS are moot and, hence, the Court cannot exercise jurisdiction over these matters even if Shabahang offered a viable statutory basis for jurisdiction over the IRS claims. It is well established that "[a] court with jurisdiction under Article III of the Constitution will not decide cases that are moot because of an absence of 'subject matter on which the judgment of the court can operate.'" *Torrington Co. v. United States*, —— Fed. Cir. (T) ——, ——, 44 F.3d 1572, 1577 (1995) (quoting *Ex parte Baez*, 177 U.S. 378, 390, 20 S.Ct. 673, 44 L.Ed. 813 (1900)).

In particular, when considering supplemental jurisdiction, a court must be careful not to upset the existing jurisdictional scheme among the federal courts. *See Gold Mountain Coffee*, 8 CIT at 249, 597 F.Supp. at 514 (1984). Congress has established an express jurisdictional framework for challenges to tax assessments. *See* 26 U.S.C. § 7421(a) ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" except "as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b)" of the Internal Revenue Code). Not surprisingly, the Court of International Trade does not figure in the jurisdictional framework Congress instituted for tax disputes. Consequently, even assuming arguendo that Shabahang asserted supplemental jurisdiction, this Court would have refrained from exercising such jurisdiction over the IRS claims.

**2.** "Since the Rules of the Court of International Trade mirror the Federal Rules of Civil Procedure, it is without question that this court may look to the decisions and commentary on the Federal Rules in the interpretation of its own rules." *Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 185–86, 763 F.Supp. 614, 617 (1991) (citations omitted).

**3.** In its response to Shabahang's Motion, the government also noted that the Court should not exercise supplemental (i.e., pendent or ancillary) jurisdiction over the IRS claims. Yet, in its brief in support of its Motion, Shabahang never affirmatively asserted supplemental jurisdiction as a ground to review the IRS claims. The Court nonetheless notes that it agrees with the government, and, if asserted, the Court would have declined to exercise its discretionary authority under 28 U.S.C. § 1367 to invoke supplemental jurisdiction over the IRS claims.

In this instance, Shabahang settled all tax deficiency matters for two of the four years at issue, 1987 and 1988. *See* Pl.'s Resp., at App. 1–3. Specifically, in April 1995 Shabahang and the IRS agreed that Shabahang should pay additional taxes and penalties, although apparently an amount less than that initially assessed by the IRS. As a result, for tax purposes there is no controversy regarding the valuation of Shabahang's entries for the years 1987 and 1988. And, because they are moot, the Court cannot review the IRS claims for 1987 and 1988 even if there was a jurisdictional hook. Therefore, the remainder of the discussion, which details why it is inappropriate to exercise jurisdiction over the IRS claims, pertains only to the claims for the years 1989 and 1990.

### ii. Jurisdiction to Entertain Tax Claims Under 28 U.S.C. § 1340.

■ Shabahang asserts that the Court may exercise subject matter jurisdiction over its tax claims under 28 U.S.C. § 1340. Specifically, Shabahang states that section 1340 "grants the district court or the Court of International Trade original jurisdiction in any civil action arising under Acts of Congress providing for internal revenue or revenue from imports, both present in the instant case." Def.'s Br., at 8. This, however, is not the same language as that actually provided for in section 1340.

> The district courts shall have original jurisdiction of any civil action arising under Acts of Congress providing for internal revenue, or revenue from imports or tonnage *except* matters within the jurisdiction of the Court of International Trade.

28 U.S.C. § 1340 (1994) (emphasis added). Contrary to Shabahang's reading of the statute, it is plain that original jurisdiction over internal revenue matters lies with the district courts, not the Court of International Trade (except in those instances where Congress expressly assigns such matters to the jurisdiction of this court, which is not the case with respect to the instant IRS claims).

■ Moreover, even if the Court were to assume that section 1340 provided an avenue to trigger original jurisdiction over the tax claims involving the IRS, section 1340 in and of itself does not create jurisdiction. Indeed, section 1340's "general grant of jurisdiction does not constitute a waiver of sovereign immunity." *Murray v. United States*, 686 F.2d 1320, 1324 (8th Cir.1982) (citations omitted). Rather, consent to suit must be based on some other provision of the Internal Revenue Code. Shabahang fails to identify any other provisions of the tax code that might provide a basis for jurisdiction. Consequently, it is apparent that this Court does not possess original jurisdiction under 28 U.S.C. § 1340 to entertain the outstanding IRS tax assessment claims corresponding to the entries Shabahang made in 1989 and 1990.

### iii. Jurisdiction to Review Tax Claims Under the Administrative Procedures Act.

■ Shabahang next claims that this Court may entertain the IRS claims involving Shabahang's 1989 and 1990 entries under the Administrative Procedures Act ("APA"). The relevant section of the APA reads as follows:

> A person suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.

5 U.S.C. § 702 (1994). Shabahang asserts that because it is not seeking monetary relief through its attempt to join the IRS, section 702 serves as an appropriate jurisdictional basis.

The Court disagrees. The Supreme Court has held that "the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of an agen-

cy action." *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). More specifically, in *Califano* the Supreme Court observed that while 5 U.S.C. § 702 sets forth that affected persons have a right to review of agency action, "[5 U.S.C.] § 703 suggests that this language was not intended as an independent jurisdictional foundation, since such judicial review is to proceed 'in a court specified by statute' or 'in a court of competent jurisdiction.'" *Id.* at 106, n. 6, 97 S.Ct. 980. Accordingly, *Califano* makes clear that the APA cannot serve as an independent basis for this Court to review IRS claims. *See also American Air Parcel Forwarding Co., Ltd. v. United States,* 2 Fed. Cir. (T) 1, 8–9, 718 F.2d 1546, 1552 (1983) ("[C]lear precedent exists that the APA is not a jurisdictional statute and does not confer jurisdiction on a court not already possessing it."); *National Corn Growers Ass'n. v. Baker,* 6 Fed. Cir. (T) 70, 85, 840 F.2d 1547, 1559–60 (1988) ("The APA cannot be used to circumvent properly authorized statutory relief."); *PPG Indus., Inc. v. United States,* 12 CIT 763, 769, 696 F.Supp. 650, 655 (1988) ("Neither the APA under § 701 et seq. nor [28 U.S.C.] § 2201 are designed to grant an independent basis for jurisdiction to this Court.").

#### iv. *Rule 19 Requirements*

██ Finally, the Court notes that even if it were able to exercise jurisdiction over the IRS claims, the conditions necessary to satisfy Rule 19 are not present in this case. First, given the current posture, Customs and Shabahang both are in a position to gain complete relief as to the subject matter of the instant case. Second, Shabahang is not in jeopardy of incurring "inconsistent" obligations or liability as a result of the outcome of this case. Congress has set different mandates for the various federal agencies charged with overseeing imports. And, the Court recognizes that as a result many and varied administrative obligations arise as between these regulatory regimes for a party who seeks to import merchandise from

abroad.[4] Yet, these obligations are not inconsistent simply because they are different.

Moreover, in this instance it appears that the regulatory obligations provided for in section 1059A of the tax code required the importer to report its cost basis for tax purposes in a manner that did not conflict with the reporting it used for customs purposes. *See supra* note 1. Therefore, here at least, the reporting requirements between the two agencies do not appear to be inconsistent. And, hence, defendant, not the regulatory regimes, must shoulder the blame for any "inconsistent" liability it might incur as a result of its reporting practices for the merchandise at issue.

### III.

### *CONCLUSION*

For the foregoing reasons, the Court denies Shabahang's motion to join the IRS as an additional party pursuant to USCIT R. 19. A separate Order will be entered accordingly.

---

**4.** *See* James P. Durling & Kenneth J. Pierce, *Transfer Pricing Quadrangulation,* The Metropolitan Corporate Counsel, October 1996, at 6 (noting that companies importing for foreign affiliates need to pay close attention to pricing policies because various federal agencies, including Customs, the IRS, the Department of Commerce, and the Department of Justice and Federal Trade Commission, have differing mandates).