Slip Op. 04 - 72

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
|---|---|---|
| | : | |
| CRICKET HOSIERY, INC.; THE WILLIAM CARTER CO. and ARTEX INTERNATIONAL, INC. and on behalf of all others similarly situated, | : : : : : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Before: MUSGRAVE, JUDGE** |
| v. | : | |
| | : | |
| UNITED STATES | : | Court No. 03-00553 |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| F.T.B. FARMS, WILLIAM LOVELADY, ROBERT E. MCLENDON FARMS LLC, A-TUMBLING-T RANCHES, CALIFORNIA COTTON GROWERS ASSOCIATION, DELTA COUNCIL, SOUTHERN COTTON GROWERS, INC., and TEXAS COTTON PRODUCERS, INC. | : : : : : : : : | |
| | : | |
| Defendant-Intervenors. | : | |
| | : | |

[Plaintiffs brought this action challenging the constitutionality of the fee collected on imports of cotton and cotton products pursuant to the Cotton Research and Promotion Act of 1966, 7 U.S.C. § 2101 *et seq.* Plaintiffs averred that the Court of International Trade had jurisdiction pursuant to 28 U.S.C. § 1581(i). The government moved to dismiss on the ground that 7 U.S.C. § 2111 specifies that challenges to the Cotton Research and Promotion Act are to be brought in the district courts. **Held:** Because this action falls within the exclusive jurisdiction of this Court under 28 U.S.C. § 1581(i), the government's motion is denied.]

Dated: June 18, 2004

*The Cullen Law Firm* (*Paul D. Cullen, Sr.* and *Joseph A. Black*) and *Greenburg Traurig LLP* (*Teresa M. Polino*), *James A. Moody*, of counsel, for Plaintiffs.

*Peter D. Keisler*, Assistant Attorney General, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Aimee Lee*), *Yelena Slepak*, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection, *Frank Martin*, Office of the General Counsel, United States Department of Agriculture, of counsel, for Defendant.

*Wilmer Cutler Pickering Hale and Dorr LLP* (*David W. Ogden, Randolph D. Moss,* and *Brian M. Boynton*) for Defendant-Intervenors.

## OPINION

Plaintiffs bring this action challenging the constitutionality of the imposition and collection of fees on imports of cotton and cotton products pursuant to the Cotton Research and Promotion Act of 1966 ("Cotton Act"), 7 U.S.C. § 2101 *et seq.* The Complaint avers that this Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1), (2), and (4). The government moves to dismiss for lack of subject matter jurisdiction contending that the Cotton Act specifies the district court in which Plaintiffs have their principal place of business as the proper forum for an action such as this. "[T]he party asserting jurisdiction 'has the burden of proving that jurisdiction in this court is proper.'" *United States v. Shabahang Persian Carpets, Ltd.*, 22 CIT 1028, 1030, 27 F. Supp. 2d 229, 232 (1998) (citation omitted). For the reasons which follow, the government's motion is denied.

### *Background*

The purpose of the Cotton Act is to

> authorize and enable the establishment of an orderly procedure for the development, financing through adequate assessments on all cotton marketed in the United States and on imports of cotton, and carrying out an effective and continuous coordinated program of research and promotion designed to strengthen cotton's competitive position and

> to maintain and expand domestic and foreign markets and uses for United States cotton.

7 U.S.C. § 2101. The Secretary of Agriculture is authorized under 7 U.S.C. § 2102 to issue orders to effectuate the policy of the Cotton Act and 7 U.S.C. § 2106(a)-(b) provides for the establishment of a Cotton Board comprised of representatives selected by the Secretary from cotton-producing states and cotton importers. The Cotton Board is responsible for "[t]he establishment, issuance, effectuation, and administration of appropriate plans or projects for the advertising and sales promotion of cotton and its products" and "the establishment and carrying on of research and development projects and studies with respect to the production, ginning, processing, distribution, or utilization of cotton and its products." 7 C.F.R. § 1205.333. The expenses incurred by the Cotton Board are to be paid from assessments levied on domestic producers and importers of cotton. 7 U.S.C. § 2106(e)(1); 7 C.F.R. §§1205.334(d), 1205.335(a)-(b). For importers there is

> (1) An assessment of $1 per bale of cotton imported or the bale equivalent thereof for cotton products.
>
> (2) A supplemental assessment on each bale of cotton imported, or the bale equivalent thereof for cotton products, which shall not exceed one percent of the value of such cotton as determined by the Cotton Board and approved by the Secretary and published in the Cotton Board rules and regulations. The rate of the supplemental assessment on imported cotton shall be the same as that paid on cotton produced in the United States. The rate of the supplemental assessment may be increased or decreased by the Cotton Board with the approval of the Secretary. The Secretary shall prescribe by regulation the value of imported cotton based on an average of current and/or historical cotton prices.

7 C.F.R. § 1205.335(b)(1)-(2). These assessments are collected by the Bureau of Customs and Border Protection. 7 C.F.R. § 1205.335(b).

Plaintiffs in this action are importers of articles made of 100 percent cotton or cotton and man-made fiber blends. They allege that they do not benefit from and object to paying the assessment to support generic advertising of cotton and research related to its production and marketing. Complaint ¶¶ 4-6. They assert that the mandatory assessment violates their First Amendment rights to free speech (including the right to remain silent) and free association, Complaint ¶ 1, and contend that this Court has jurisdiction under 28 U.S.C. § 1581(i)(1), (2), and (4)[1] "because this action arises out of a law of the United States providing for 'revenue for imports or tonnage' or 'tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue' and 'administration and enforcement with respect to [such] matters . . . .'" Complaint ¶ 2.

---

[1] 28 U.S.C. § 1581(i) provides in pertinent part that:

> [T]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for –
>
> (1)  revenue from imports or tonnage;
>
> (2)  tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>
> . . .
>
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

*Arguments*

The government moves to dismiss this action principally on the ground that 7 U.S.C. § 2111

provides specific procedures for bringing a challenge to the Cotton Act.

> Any person subject to any order may file a written petition with the Secretary, stating that any such order or any provision of such order or any obligation imposed in connection therewith is not in accordance with law and praying for modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.

7 U.S.C. § 2111(a). Following the administrative determination "[t]he district courts of the United

States in any district in which such person is an inhabitant, or has his principal place of business, are

hereby vested with jurisdiction to review such ruling, provided a complaint for that purpose is filed

within twenty days from the date of entry of such ruling." 7 U.S.C. § 2111(b).

The government contends that Plaintiffs should not be permitted to circumvent the specific

jurisdictional scheme contemplated by Congress. The government notes that § 2111 does not

differentiate between imported and domestic cotton and asserts that it would be unfair to require

domestic handlers to undergo an administrative proceeding before bringing their action to a district

court, but permit importers to bring their case directly to the Court of International Trade. Moreover,

the government argues that "an express statutory provision providing for jurisdiction cannot be

overlooked." Defendant's Memorandum in Support of its Motion to Dismiss ("Def.'s Br.") at 9.

Thus the government concludes that Plaintiffs cannot bypass this provision and bring their claims

to this Court under § 1581(i), which the government contends is a more general statute, since § 2111

specifically vests jurisdiction in the district courts and provides an adequate remedy in challenges

to the Cotton Act.  Def.'s Br. at 10.

Plaintiffs argue that *Orleans International, Inc. v. United States*, 334 F.3d 1375 (Fed. Cir.

2003), and the cases upon which it is based, are controlling precedent which vest this Court with

exclusive jurisdiction over the present action.  In *Orleans* the Federal Circuit stated:

> "[I]t is faulty analysis to look first to the jurisdiction of the district
> courts to determine whether the [Court of International Trade] has
> jurisdiction . . . .  The focus must be solely on whether the claim falls
> within the language and intent of the jurisdiction grant to the [Court
> of International Trade]."  *Vivitar Corp. v. United States*, 761 F.2d
> 1552, 1559-60 (Fed. Cir. 1985); *see also K Mart Corp. v. Cartier,
> Inc.*, 485 U.S. 176, 182-83, 108 S. Ct. 950, 99 L. Ed. 2d 151 (1988)
> ("The District Court would be divested of jurisdiction, however, if
> this action fell within one of several specific grants of jurisdiction to
> the Court of International Trade.").  The correct approach, then, is to
> focus on whether the "civil action" at issue falls within the language
> of 28 U.S.C. § 1581(i).  If the action does fall within that language,
> the Court of International Trade has exclusive jurisdiction.

334 F.2d at 1378.  Thus Plaintiffs conclude that "the only question should be whether the collection

of the cotton fee on imports is described in § 1581(i).  Since it is, this Court has jurisdiction."

Plaintiff's Opposition to Defendant's Motion to Dismiss at 6.


### *Discussion*

The Court notes, with more than a modicum of disapprobation, the government's usual – and,

it must be observed, unrelenting – attack upon the jurisdiction of the Court of International Trade.

Although 7 U.S.C. § 2111 provides an aggrieved party an avenue to obtain administrative and

judicial review, 28 U.S.C. § 1581(i)(2) places "any civil action commenced against the United

States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" within the *exclusive* jurisdiction of the Court of International Trade.  As the Federal Circuit stated in *Vivitar Corp. v. United States*, 761 F.2d 1552 (Fed. Cir. 1985), and reaffirmed in *Orleans* "it is faulty analysis to look first to the jurisdiction of the district courts to determine whether the [Court of International Trade] has jurisdiction . . . .  The focus must be solely on whether the claim falls within the language and intent of the jurisdiction grant to the [Court of International Trade]." 761 F.2d at 1559-60.  In the present case, it is undisputed that the Cotton Act assessment constitutes a fee imposed "on the importation of merchandise for reasons other than the raising of revenue."[2]  Thus, in the absence of evidence that Congress intended to create an exception to § 1581(i) for challenges to the assessment on cotton imports, this Court has jurisdiction.

The Court is not persuaded by the government's argument that § 2111 is more specific and therefore supercedes § 1581(i).  To the contrary, both statutes are specific jurisdictional grants.  It is an established maxim of statutory construction that the more recent of two irreconcilably conflicting statutes governs.  2B Norman J. Singer, STATUTES AND STATUTORY CONSTRUCTION § 51.02 (6th ed. 2000).  In this instance, 7 U.S.C. § 2111 was enacted as part of the original Cotton Act in 1966, *see* Pub. L. 89-502, § 12, 80 Stat. 284 (1966), but 28 U.S.C. § 1581(i) was enacted as part of the Customs Courts Act of 1980, *see* Pub. L. 96-417, Title II, § 201, 94 Stat. 1728 (1980).  Moreover, the Cotton Act did not apply to imported cotton and cotton products until it was amended

---

[2] Although the government does not expressly concede that the Cotton Act assessment falls within the language of  28 U.S.C. § 1581(i)(2), its only opposition to the applicability of this provision is that Congress intended 7 U.S.C. § 2111 to apply instead.  Def.'s Br. at 8.

in 1990, *see* Pub. L. 101-624, §§ 1991, 1992, 104 Stat. 3909, 3910 (1990). "It is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter." 2B Singer, *supra*, § 51.02. Thus Congress was aware of both § 2111 and § 1581(i) when it expanded the Cotton Act to cover imports. Since Congress did not amend § 2111 to give the district courts jurisdiction over actions brought by importers, the Court concludes that Congress did not intend to create an exception to the exclusive jurisdiction it granted to the Court of International Trade.[3]

It is noteworthy that Congress passed the Customs Courts Act of 1980 to remedy the uncertainty which then existed regarding whether actions fell within the jurisdiction of the district courts or the Customs Court and to provide uniformity in decisions effecting international trade.

> Many suits involving international trade issues are and have been instituted in the federal district courts rather than the U.S. Customs Court. . . . Most district courts have refused to entertain such suits, citing the *Constitutional mandate requiring uniformity in decisions relating to imports*. (See U.S. Const. art. I, § 8.) In so doing, the district courts sought to preserve the Congressional grant of exclusive jurisdiction to the United States Customs Court for judicial review of *all matters relating to imports*.

> With the growth in international trade, the number of suits in the district courts and subsequent dismissals for want of jurisdiction have increased. Congress is greatly concerned that numerous individuals and firms, who believe they possess real grievances, are expending significant amounts of time and money in a futile effort to obtain judicial review of the merits of their case.

> H.R. 7540 corrects these inequities by revising the statutes to clarify the present status, jurisdiction and powers of the Customs

---

[3] Because the Court holds that it has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i), it does not address arguments raised by the parties regarding the adequacy of the remedy provided by 7 U.S.C. § 2111.

> Court. The Customs Courts Act of 1980 creates a comprehensive system of judicial review of civil actions arising from import transactions, utilizing the specialized expertise of the United States Customs Court and the United States Court of Customs and Patent Appeals. This comprehensive system will ensure greater efficiency in judicial resources and *uniformity in the judicial decision making process*.

H.R. REP. NO. 96-1235, at 19-20 (1980), *reprinted in* 1980 U.S.C.C.A.N. 3729, 3730-31 (emphasis added). Specifically, § 1581(i) was intended to

> eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the district courts and the Court of International Trade. This provision makes it clear that *all suits of the type specified are properly commenced only in the Court of International Trade*. The Committee has included this provision in the legislation to eliminate much of the difficulty experienced by international trade litigants who in the past commenced suits in the district courts only to have those suits dismissed for want of subject matter jurisdiction. The grant of jurisdiction in subsection (i) will ensure that these suits will be heard on their merits.

*Id*. at 47, *reprinted in* 1980 U.S.C.C.A.N. at 3759 (emphasis added).

### *Conclusion*

The Court has already noted its frustration with the government's – now predictable – assault upon the jurisdiction of the Court of International Trade, and further observes, in conclusion, that advocacy, especially when practiced upon behalf of the sovereign, should be addressed to achieving a fair result, that is, justice. That objective is not furthered by scorch and burn tactics or obstructionist pursuits, characterized succinctly by the Ninth Circuit as "creative arguments." *Cornet Stores v. Morton*, 632 F.2d 96, 98 (9th Cir. 1980); *accord United States v. Universal Fruits and*

*Vegetables*, 362 F.3d 551 (9th Cir. 2004).   For the foregoing reasons, the government's motion to

dismiss is denied.


                                            _____/s/  R. Kenton Musgrave_____
                                                R. KENTON MUSGRAVE, JUDGE



Dated: June 18, 2004
        New York, New York