Slip Op. 18-84

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>               **Plaintiff,**<br><br>**v.**<br><br>**MAVERICK MARKETING, LLC ET AL.,**<br><br>               **Defendants.** | **Before: Claire R. Kelly, Judge**<br><br>**Court No. 17-00174** |

## OPINION AND ORDER

[The United States Court of International Trade possesses subject-matter jurisdiction over a suit to recover unpaid Federal Excise Tax brought pursuant to 19 U.S.C. § 1592(d).]

Dated: July 3, 2018

Stephen Carl Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff United States. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.

Barry Marc Boren, Law Offices of Barry Boren, of Miami, FL, and Gerson M. Joseph, Gerson M. Joseph, P.A., of Weston, FL, for defendants Maverick Marketing, LLC and Good Times USA, LLC.

Thomas Randolph Ferguson, Sandler, Travis & Rosenberg, PA, of San Francisco, CA, for defendant American Alternative Insurance Company.

Kelly, Judge: The United States ("Plaintiff"), on behalf of United States Customs and Border Protection ("Customs"), seeks to recover unpaid Federal Excise Tax ("FET"), in various amounts, and prejudgment interest from Maverick Marketing, LLC ("Maverick"), Good Times USA, LLC ("Good Times"), and American Alternative Insurance Company ("AAIC") (collectively, "Defendants"), pursuant to section 592 of the Tariff Act of 1930, as

amended 19 U.S.C. § 1592 (2012).[1]  See Summons, July 10, 2017, ECF No. 1; Compl. at ¶¶ 1, 26–33, July 10, 2017, ECF No. 2.  For the reasons that follow, the Court has subject-matter jurisdiction over this action.

## BACKGROUND

The court assumes familiarity with the facts of this case as discussed in United States v. Maverick Marketing, LLC, 42 CIT __, __, Slip Op. 18-16 at 2–3 (Mar. 7, 2018) ("Maverick I"), and here recounts the facts relevant to the issue of the Court's subject-matter jurisdiction over the claims alleged by Plaintiff.  In its complaint, Plaintiff alleges that Maverick and Good Times violated 19 U.S.C. § 1592(a) and are liable for unpaid FET pursuant to 19 U.S.C. § 1592(d).  See Compl. at ¶¶ 12–27.  Specifically, Plaintiff alleges that Maverick and Good Times made material false statements and/or omissions when entering the subject merchandise into United States commerce, the result of which was underpayment of FET on the subject merchandise.[2]  See id. at ¶¶ 15–25.  Defendants Maverick and Good Times sought to dismiss Plaintiff's complaint pursuant to USCIT Rule 12(b)(6), claiming that Plaintiff failed to state a claim upon which relief could be granted. See Def., [Maverick]'s Rule 12(b)(6) Mot. Dismiss & Mem. Law, Nov. 13, 2017, ECF No. 29; Def., [Good Times]'s Rule 12(b)(6) Mot. Dismiss & Mem. Law, Nov. 13, 2017, ECF No. 30; USCIT R. 12(b)(6).  Defendants did not challenge the Court's subject-matter

---

[1] Further citations to Titles 19 and 26 of the U.S. Code are to the 2012 edition.

[2] Plaintiff also raises claims against AAIC.  See Compl. at ¶¶ 29, 31, 33.  Plaintiff claims that AAIC is liable for the allegedly unpaid FET on the subject merchandise because AAIC, as surety on the bonds Maverick executed as principal, id. at ¶ 6, "agreed with Maverick to jointly and severally guarantee payment of all duties, taxes, and charges," id. at ¶ 7, owed in connection with the importation of the entries at issue.  Id. at ¶ 29.  Plaintiff also seeks mandatory statutory interest pursuant to 19 U.S.C. § 580, see id. at ¶ 31, and attorney fees and any further interest, as provided by law, that the court deems just and appropriate.  Id. at 6.

jurisdiction.  On March 7, 2018, the Court issued Maverick I, denying the motions filed by Maverick and Good Times to dismiss the complaint for failure to state a claim upon which relief can be granted.  Maverick I, 42 CIT at __, Slip Op. 18-16 at 12.

On March 9, 2018, the court requested supplemental briefing on the Court's subject-matter jurisdiction, explaining that it was incumbent upon the Court to independently assess the jurisdictional basis for each case, regardless of whether any party challenged the Court's jurisdiction.  See Letter [Requesting Briefing on Jurisdiction], Mar. 9, 2018, ECF No. 46 ("Letter Requesting Jurisdiction Briefing"); see also Am. Scheduling Order, Mar. 9, 2018, ECF No. 47.  The court explained that, although the United States can recover unpaid taxes pursuant to 19 U.S.C. § 1592(d) if a party violates 19 U.S.C. § 1592(a), the relevant jurisdictional statute specifically identifies only suits for penalties, bonds, and customs duties.  Letter Requesting Jurisdiction Briefing at 2 (citing 28 U.S.C. § 1582).

In its supplemental brief on jurisdiction, Plaintiff argues that the Court has jurisdiction over its claim against Maverick and Good Times.  See Pl.'s Suppl. Br. on Jurisdiction at 3–7, Apr. 13, 2018, ECF No. 51 ("Pl.'s Br.").  Plaintiff argues that the Court possesses jurisdiction pursuant to 28 U.S.C. § 1582(1), because even though a penalty is not sought in this case, the relief that Plaintiff seeks "flows from [the court determining that Maverick and Good Times violated 19 U.S.C. § 1592(a),] separate and apart from any penalty" that could also be sought for such a violation.  See id. at 3.  Plaintiff also argues that there is jurisdiction pursuant to 28 U.S.C. § 1582(3) because FETs collected on imported tobacco are customs duties for the purposes of jurisdiction.  See id. at 4–5. Finally, Plaintiff argues that its claim against AAIC, the surety, is proper under 28 U.S.C.

§ 1582(2), that the surety's claims are within the Court's "exclusive jurisdiction" under 28 U.S.C. § 1583, and that splitting the claims between this Court and a United States district court would not be in accord with Congress' intent behind 19 U.S.C. § 1592.[3] See id. at 5–7. Maverick and Good Times argue that jurisdiction is lacking under 28 U.S.C. § 1582(1) because Plaintiff is not seeking a penalty. Defs. Maverick & Good Times Resp. Br. on Jurisdiction at 1, May 2, 2018, ECF No. 54 ("Maverick & Good Times' Resp. Br."). Maverick and Good Times deny that FETs are a type of customs duty that would give rise to a claim reviewable under this Court's 28 U.S.C. § 1582 jurisdiction, see Defs. Maverick & Good Times Opening Br. on Jurisdiction at 4–8, Apr. 16, 2018, ECF No. 53 ("Maverick & Good Times' Br."), and argue that the claims against Maverick and Good Times should be transferred to a district court.[4] Id. at 8. Maverick and Good Times also argue that if the Court determines that it does not have jurisdiction over the non-surety defendants, the Court may have ancillary jurisdiction over Maverick,[5] but not Good Times.[6] Id. at 10–11. The parties do not contest that the Court has jurisdiction over the

---

[3] AAIC argues that in addition to the jurisdiction provided by 28 U.S.C. § 1582(1), that AAIC's involvement in this action by virtue of 28 U.S.C. § 1583 provides the Court "with the necessary link to obtain jurisdiction" over all claims at issue and all parties involved. See Def. [AAIC]'s Br. on Jurisdiction at 2, Apr. 13, 2018, ECF No. 52.

[4] However, Maverick and Good Times recognize that it seems illogical for Congress to split claims based on the same factual basis and "divest this Court of jurisdiction," especially because "the recovery of taxes would normally be inextricably interwoven with the ascertainment of facts pertaining to the recovery of duties." Maverick & Good Times' Br. at 11.

[5] Maverick and Good Times argue that the Court should not exercise ancillary jurisdiction over Good Times pursuant to 28 U.S.C. § 1367. See Maverick & Good Times' Br. at 10–11. Section 1367 uses the term supplemental jurisdiction rather than ancillary jurisdiction, as does the court. 28 U.S.C. § 1367. The Court has jurisdiction pursuant to 28 U.S.C. § 1582 and therefore, does not address Maverick and Good Times' argument.

[6] Maverick and Good Times further assert that if the Court lacks jurisdiction over Maverick and

(footnote continued)

surety, AAIC, pursuant to 28 U.S.C. § 1582(2).  See Pl.'s Br. at 5; Maverick & Good Times'

Br. at 3.

## DISCUSSION

Plaintiff argues that this Court has subject-matter jurisdiction pursuant to 28 U.S.C.

§ 1582(1) because the collection of FET flows from conduct warranting a penalty under

19 U.S.C. § 1592 and pursuant to 28 U.S.C. § 1582(3) because FETs are customs duties

for the purposes of jurisdiction.  See Pl.'s Br. at 3–5.  Maverick and Good Times argue

that the collection of FET is not a penalty and that Plaintiff has not brought a claim seeking

to recover a civil penalty.  See Maverick & Good Times' Resp. Br. at 1–2.  Further, they

argue that FETs are not customs duties, because 19 U.S.C. § 1528 disallows a tax not

explicitly recognized as a customs duty to be a customs duty.  See id. at 2–3; Maverick &

Good Times' Br. at 4–6; see also 19 U.S.C. § 1528.  For the reasons that follow, the Court

has subject-matter jurisdiction over Plaintiff's claim against Maverick and Good Times

pursuant to 28 U.S.C. § 1582(1) and (3).

"[F]ederal courts . . . are courts of limited jurisdiction marked out by Congress."

Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 358 (Fed. Cir. 1992) (quoting

Aldinger v. Howard, 427 U.S. 1, 15 (1976), superseded by statute on other grounds,

Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089, as recognized

in Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 557 (2005)).  Therefore, the

"court may and should raise the question of its jurisdiction sua sponte at any time it

---

Good Times, Plaintiff's claims against AAIC and, in turn, AAIC's cross-claims against Maverick and Good Times must be stayed as they are not ripe.  See Maverick & Good Times' Br. at 8–10. They argue that Plaintiff's claims under 19 U.S.C. § 1592(d) will become ripe for review only if and when final judgment is reached in district court holding that Maverick and Good Times violated 19 U.S.C. § 1592(a).  Id.  The Court has jurisdiction and therefore Maverick and Good Times' request for a stay is moot.

appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citations omitted). The Court may dismiss a case for lack of subject-matter jurisdiction on its own motion because the Court must enforce the limits of its jurisdiction. See, e.g., Cabral v. United States, 317 Fed. Appx. 979, 980 n.1 (Fed. Cir. 2008); Arctic, 845 F.2d at 1000.

Under 28 U.S.C. § 1582, the Court has jurisdiction to hear "any civil action which arises out of an import transaction and which is commenced by the United States—(1) to recover a civil penalty under[, inter alia, 19 U.S.C. § 1592];" or "(2) to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury; or (3) to recover customs duties." Here, Plaintiff seeks to recover the unpaid FET pursuant to 19 U.S.C. § 1592(d) which Plaintiff alleges result from Maverick's and Good Times' violations of 19 U.S.C. § 1592(a), but does not seek to recover a penalty pursuant to 19 U.S.C. § 1592(b) for these alleged violations. See Compl. at ¶¶ 27, 29.

This Court has jurisdiction to hear claims to collect unpaid FET under 19 U.S.C. § 1592(d) for conduct warranting a penalty under 19 U.S.C. § 1592(a), whether or not a separate penalty is sought pursuant to 19 U.S.C. § 1592(b). Pursuant to 28 U.S.C. § 1582(1), the Court shall have exclusive jurisdiction over "any civil action which arises out of an import transaction and which is commenced by the United States . . . to recover a civil penalty under Section 592 . . . of the Tariff Act of 1930." 28 U.S.C. § 1582(1). As amended, section 592 of the Tariff Act of 1930 prohibits material false statements in connection with the entry of goods into the United States. See 19 U.S.C. § 1592(a). Section 1592(b) allows for penalties to be assessed where an importer makes a material

false statement. 19 U.S.C. § 1592(b). Furthermore, section 1592(d) provides that the United States may seek to collect any duties, taxes, or fees it was deprived of as a result of conduct giving rise to a violation of 19 U.S.C. § 1592(a), regardless of whether any penalty is sought. 19 U.S.C. § 1592(d). This Court has exclusive jurisdiction over penalty actions arising under 19 U.S.C. § 1592. See 28 U.S.C. § 1582(1). If the government sought both penalties and lost taxes under 19 U.S.C. § 1592 together in one civil action, this Court would have jurisdiction over both the claim for penalties and any claim for lost duties, fees, or taxes, as the latter would be part of the civil action arising under 28 U.S.C. § 1582(1). See 28 U.S.C. § 1582(1) (providing the Court with jurisdiction of any civil action "which arises out of an import transaction and which is commenced by the United States . . . to recover a civil penalty under [19 U.S.C. § 1592]"); 19 U.S.C. § 1592(d) (providing that the United States may recover duties, taxes, or fees it was unlawfully deprived of, regardless of whether a penalty is sought). Congress intended that the government could bring an action to collect lost duties, taxes, or fees without seeking a penalty as well, because section 1592(d) states that "[Customs] shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed." 19 U.S.C. § 1592(d). Therefore, pursuant to 28 U.S.C. § 1582(1), the Court has jurisdiction over a civil action to collect lost taxes under 19 U.S.C. § 1592(d), for conduct in violation of § 1592(a) regardless of whether a penalty is sought.[7]

---

[7] Maverick and Good Times argue that the collection of FET is not a penalty as required by 28 U.S.C. § 1582(1). See Maverick & Good Times' Resp. Br. at 1. Plaintiff, however, does not allege as much in its complaint nor any of its briefing. The Court does not construe the FET as a penalty, but as part of an action arising out of an import transaction that the government has brought under 19 U.S.C. § 1592.

Jurisdiction exists under 28 U.S.C. § 1582(3) because these FETs are customs duties for the purposes of jurisdiction.[8]  Importers are liable for FETs on imported tobacco products. See 26 U.S.C. § 5703(a)(1) (2012). The amount of the tax is based upon the price for which the imported merchandise is sold. See 26 U.S.C. § 5701.  In the case of importations, the timing of payment is determined by reference to the date of entry into the customs territory, see 26 U.S.C. § 5703(2)(b), and is "collected, accounted for, and deposited as internal revenue collections by the Port Director of Customs in accordance with customs procedures and regulations."  27 C.F.R. § 41.62 (2014).[9]  Pursuant to the regulatory framework, "[t]he importer's liability for duties includes a liability for any internal

---

[8] Maverick and Good Times argue that this Court has, on multiple occasions, held that it did not have jurisdiction over taxes and charges not specifically demarked as customs duties.  See Maverick & Good Times' Br. at 5–6.  This argument oversimplifies the issue, and the two cases Maverick and Good Times cite are distinguishable.  In United States v. Shabahang Persian Carpets, Ltd., 22 CIT 1028, 1029–31, 27 F. Supp. 2d 229, 231–33 (1998), the plaintiff sought to join the Internal Revenue Service as a party in a customs case to ensure that the government valued merchandise consistently for both customs and internal revenue purposes. Accepting this request would have required the court to exercise jurisdiction over a separate claim arising from an internal revenue matter which was not statutorily assigned to the Court of International Trade, see id. at 1030–33, 27 F. Supp. 2d at 232–34, and otherwise beyond the purview of Customs' administrative authority.  Thus, the court held it did not have jurisdiction because the claims involving the IRS were plainly within the province of the district courts. See id. at 1032, 27 F. Supp. 2d at 233.  It was not a case where Customs was responsible for assessing and collecting revenue prior to the release of the subject goods. Similarly, in United States v. Biehl & Co., 3 CIT 158, 539 F. Supp. 1218 (1982), the issue was whether the Court of International Trade had jurisdiction over suits by the government to collect tonnage duties pursuant to 28 U.S.C. § 1582(2) providing for suits to recover on a bond. The court pointed out that, although 28 U.S.C. § 1581(i) provided for suits against the government involving tonnage duties, it failed to provide for suits brought by the government involving tonnage duties, and the court would not read in that language where Congress had not provided it.  See id. at 161–63, 539 F. Supp. at 1220–22.  Here, in 28 U.S.C. § 1582 Congress has specifically provided for suits by the government to collect customs duties.  The question before the court is whether FETs are to be considered customs duties for the purposes of 28 U.S.C. § 1582(3), a question not confronted in Biehl.

[9] Further citations to Titles 19, 26, and 27 of the Code of Federal Regulations are to the 2014 edition, the most recent version of the Code of Federal Regulations in effect when the last entry of the subject merchandise at issue here occurred.  The entries at issue in this action were imported between the years 2012 and 2015. See Compl. at ¶ 1; see also Attachs. [to Compl.]: #1 Ex. A – Entry Worksheet, July 10, 2017, ECF No. 2-1.  The 2012 and 2015 editions of the Code of Federal Regulations are the same in relevant part.

revenue taxes which attach upon the importation of merchandise, unless otherwise provided by law or regulation."[10]  19 C.F.R. § 141.3.  Further, until the amount of internal revenue taxes due on the imported tobacco products is determined, the subject merchandise is "not eligible for release from customs custody[.]"  27 C.F.R. § 41.41.  As evidenced here, the FET amount due on the imported cigars was reported on the entry paperwork.  See Ex. A [attached to Pl.'s Resp. to Maverick's & Good Times' Mots. Dismiss] at Entry Summary, Dec. 18, 2017, ECF No. 36-1.  The importer continues to be liable for taxes unlawfully deprived for a violation of 19 U.S.C. § 1592(a) under 19 U.S.C. § 1592(d).  The FETs on cigars are imposed on imported merchandise, at the time of entry, collected and administered by Customs and therefore constitute customs duties for the purposes of jurisdiction.

Defendants claim that, pursuant to 19 U.S.C. § 1528, a tax or charge will not be construed as a customs duty "for the purpose of any statute relating to the customs revenue, unless the law imposing such tax or charge designates it as a customs duty or contains a provision to the effect that it shall be treated as a duty imposed under the customs laws."  Maverick & Good Times' Br. at 4 (quoting 19 U.S.C. § 1528).  However, the same statute also indicates that it will not have the effect of restricting or limiting the jurisdiction of this Court or that of the Court of Appeals for the Federal Circuit.  19 U.S.C. § 1528.  These seemingly contradictory sentences are clarified by the statute's legislative history, which indicates that Congress implemented 19 U.S.C. § 1528 to clarify that

---

[10] Maverick and Good Times also argue that Customs, by promulgating 19 C.F.R. § 141.3, which lists taxes as part of duties for which an importer is liable, attempts to amend 19 U.S.C. § 1528.  See Maverick & Good Times' Br. at 7–8; see also 19 C.F.R. § 141.3; 19 U.S.C. § 1528. Customs' regulation is consistent with the statute because the statutory framework allows taxes to be considered as customs duties for the purposes of jurisdiction, and the regulation imposes liability for payment of taxes that attach at importation.

preferences and exemptions applicable to customs duties should not be construed as applying to internal revenue taxes.  See Customs Administrative Bill: Hearings on H.R. 6738 Before the H. Comm. on Ways & Means, 75th Cong. 112 (1937) ("H. Legis. History"); Customs Administrative Act: Hearings on H. R. 8099 Before a S. Subcomm. of the Comm. on Finance, 75th Cong 44–45 (1938) (revised print) ("Senate Legis. History"). Specifically, Congress sought to prevent preferential duty rates granted to specific countries from being applied to internal revenue taxes.[11]  See H. Legis. History at 112–13.  Further, the legislative history reveals that Congress explicitly sought to have the Customs Court retain jurisdiction over controversies regarding excise taxes collected at the time of importation.  See H. Legis. History at 112; Senate Legis. History at 44–45; accord Westco Liquor Products Co. v. United States, 38 CCPA 101, 107, C.A.D. 446 (1951) (affirming the Customs Court's holding that FETs are customs duties for purposes of assessment and collection).[12]  Therefore, FETs are customs duties for the purposes of jurisdiction.[13]

---

[11] The legislative history to 19 U.S.C. § 1528, in particular, makes clear that Congress was concerned, for example, with preferential rates being granted to imports from Cuba and enacted the language in section 1528 to prevent such preferences from being applied to excise taxes; not to divest the customs courts of jurisdiction.  See H. Legis. History at 112–13.

[12] Maverick and Good Times challenge Plaintiff's reliance on legislative history.  See Maverick & Good Times' Resp. Br. at 3–4.  They argue that even though 28 U.S.C. § 1582, the jurisdictional statute, has been amended several times, at no point did Congress add taxes as a basis for jurisdiction.  See id. at 4.  In contrast, they contend that in 28 U.S.C. § 1340 Congress delegated jurisdiction over internal revenue taxes to district courts.  See id. at 3–4; Maverick & Good Times' Br. at 6.  However, 28 U.S.C. § 1340 specifically states that district courts have original jurisdiction over "any civil actions arising under any Act of Congress providing for internal revenue," unless the matter is already within this Court's jurisdiction.  The FETs at issue here are customs duties for the purposes of jurisdiction, and this Court has jurisdiction under 28 U.S.C. § 1582 to hear civil actions arising under 19 U.S.C. § 1592 and which seek to recover customs duties.  The type of claim at issue here is a matter already within the jurisdiction of this Court.

[13] The United States Court of Appeals for the Federal Circuit, sitting en banc, adopted the decisions of the United States Court of Customs and Patent Appeals.  See South Corp. v. United States, 690 F.2d 1368, 1370 (Fed. Cir. 1982).

**CONCLUSION**

For the reasons provided above, the Court has subject-matter jurisdiction over a suit to recover unpaid Federal Excise Taxes brought pursuant to 19 U.S.C. § 1592(d).  In accordance with this opinion, it is

**ORDERED** that the parties shall file a joint proposed scheduling order that will achieve the purposes of USCIT Rule 16(b) on or before 30 days from the publication of this opinion.

 /s/ Claire R. Kelly 
Claire R. Kelly, Judge

Dated: July 3, 2018
       New York, New York